Matthew J. Faust, State Bar No. 254145
Khodadad D. Sharif, State Bar No. 187992
Blake W. Berger, State Bar No. 309874
SHARIF | FAUST LAWYERS, LTD.
1010 Second Ave, 24th Floor
San Diego, CA  92101
Telephone:   (619) 233-6600
Facsimile:    (619) 233-6602

Attorneys for Defendant
TIMOTHY SCHWARTZ

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC. and FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC., AND GOLDBOOK LTD.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>TIMOTHY SCHWARTZ; DESIGN TANK, INC.; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.: 16-cv-0497-BEN-WVG<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS UNDER F.R.C.P. 12(B)(5), OR IN THE ALTERNATIVE, MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER F.R.C.P. 12(B)(2). |

Defendant TIMOTHY SCHWARTZ ("Mr. Schwartz") respectfully submits this Memorandum of Points and Authorities in support of his Motion to Dismiss for defective service of process pursuant to F.R.C.P. 12(B)(5), or, in the alternative, his Motion to Dismiss for lack of personal jurisdiction pursuant to F.R.C.P. 12(B)(2).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION**

The instant controversy stems from a series of other lawsuits currently pending in Hillsborough county, Florida. Mr. Schwartz and Ms. Patricia Slesinger ("Ms. Slesinger"), owner and operator of the named Plaintiffs in this case, had a prior business relationship that began rapidly deteriorating on or about June of 2013. Mr. Schwartz was never served in connection with the instant case. Unsuccessful attempts were apparently made to serve Mr. Schwartz in Illinois and/or Indiana, but Mr. Schwartz was not present in either state during the relevant timeframe; he remained in Florida where he has lived for years. Rather, Mr. Schwartz's brother Robert was served at his home in Illinois. Because proper service was not executed, Mr. Schwartz moves to dismiss this case under Federal Rule of Civil Procedure 12(B)(5) for insufficient service of process.

Additionally, all of the relevant subject matter and events underlying the current disputes between Ms. Slesinger and Mr. Schwartz occurred while he has been living in Tampa, Florida. Mr. Schwartz has no meaningful relationship to the state of California; he has not lived here for years, and whatever ties Mr. Schwartz formerly had to the state of California were transferred to Florida in January of 2010, or have since been severed. Therefore, personal jurisdiction should not attach to Mr. Schwartz, and this Court should alternatively dismiss the current action pursuant to Federal Rule of Civil Procedure 12(B)(2).

### Factual Background (Jurisdiction)

In or about March of 2008, Mr. Schwartz was contacted by Ms. Patricia Slesinger ("Ms. Slesinger") to come work for her in Beverly Hills, California (Decl. Tim Schwartz ¶ 6.)  Mr. Schwartz accepted Ms. Slesinger's offer and began working directly under Ms. Slesinger at her home up through the end of 2009. (Decl. Tim Schwartz ¶ 6.)  While working for Ms. Slesinger, Mr. Schwartz completed various projects in connection with her many business operations.  (Decl. Tim Schwartz ¶ 6.)

In January of 2010, Ms. Slesinger urged Mr. Schwartz to relocate to Florida to help her oversee a new series of projects unrelated to those previously performed in California. (Decl. Tim Schwartz ¶ 7.)  Mr. Schwartz acquiesced to her request and worked for Ms. Slesinger in Florida for over the next four years. (Decl. Tim Schwartz ¶ 7-8.)  During that span of time, Mr. Schwartz transferred his entire life to Tampa. (Decl. Tim Schwartz ¶ 8.) As indicated by Mr. Schwartz's declaration, he has not had any meaningful contacts with California since he left, and he has no intention of returning to the state. (Decl. Tim Schwartz ¶ 11-16).

By June of 2013, Mr. Schwartz and Ms. Slesinger's relationship became tumultuous. (Decl. Tim Schwartz ¶ 9.)   Ms. Slesinger asked Mr. Schwartz to make misrepresentations on her behalf, and engage in other practices that Mr. Schwartz deemed unprofessional. (Decl. Tim Schwartz ¶ 9.) Mr. Schwartz refused. (Decl. Tim Schwartz ¶ 9.) In the months that followed, Mr. Schwartz informed Ms. Slesinger of his decision to terminate their

business relationship. (Decl. Tim Schwartz ¶ 9.)   In response, Ms. Slesinger urged Mr. Schwartz to reconsider, and promised him future payments. (Decl. Tim Schwartz ¶ 9.) Mr. Schwartz reluctantly agreed, but to his dismay, no more payments were forthcoming. (Decl. Tim Schwartz ¶ 9.) On or about December of 2013, Mr. Schwartz informed Ms. Slesinger once again of his decision to terminate their business relationship and demanded payment of his overdue wages. (Decl. Tim Schwartz ¶ 9.) Ms. Slesinger refused, and threatened Mr. Schwartz with financial and reputational harm. (Decl. Tim Schwartz ¶ 9.)

## Procedural Background (Service of Process)

Prior to filing the instant case, Ms. Slesinger has been involved in a variety of other lawsuits. (Decl. Tim Schwartz ¶ 10.). In one such case, Ms. Slesinger's claims were barred due to "discovery misconduct." *See Stephen Slesinger, Inc. v. Walt Disney Co*., 155 Cal.App.4th 736 (2007) (affirming the trial court's decision granting of terminating sanctions for plaintiff's deliberate breaking and entering into defendant's property in order to obtain sensitive information about defendant's business practices).

The history of this litigation begins with a different case against Mr. Schwartz, filed in County Court in Hillsborough County, Florida. (Decl. Tim Schwartz ¶ 10.). Once their relationship began to decline, Ms. Slesinger sued Ms. Schwartz in attempts to evict him from her family home, where he had been living and working since he moved to Tampa. *See Patricia A. Slesinger v. Timothy Schwartz*, the County Court of the The Thirteenth

Judicial Circuit in and for Hillsborough County, Florida (Case No: 14-CC-002634). Mr. Schwartz believes this initial lawsuit to be meritless, and largely retaliatory in light of his decision not to help Ms. Slesinger commit tax fraud. (Decl. Tim Schwartz ¶ 10.) In response, Mr. Schwartz countersued Ms. Slesinger for the unpaid wages he is due. (Decl. Tim Schwartz ¶ 10.) The cases were subsequently transferred to Circuit Court and assigned the new case number: 14CA004950 DIV D. (Decl. Tim Schwartz ¶ 10.) Those cases are still pending. (Decl. Tim Schwartz ¶ 10.)

The complaint that initiated the instant matter was filed by Plaintiffs on or about February 25, 2016. [Doc 1]. An amended complaint was filed on or about May 19, 2016. [Doc 5]. Mr. Schwartz believes that the instant case is equally groundless and retaliatory. (Decl. Tim Schwartz ¶ 10.). Plaintiffs' server, Johnathon Gosnel, subsequently filed a Proof of Service indicating that Mr. Schwartz had been served at "503 N Fair St., Onley, IN 62450" on May 22, 2016. [Doc 6]. However, there are a variety of issues with the claimed service.

Fist, the address cited above is improperly written. The residence Plaintiffs likely meant to have served was "503 N. Fair St., *Olney, IL* 62450." (emphasis added). Second, the relevant address is owned by Mr. Schwartz's father, John Schwartz, and has remained vacant since September of 2015 (Decl. John Schwartz). Third and most important, it was Mr. Schwartz's brother Robert who was ultimately served, not Mr. Schwartz himself. (Decl. Robert Schwartz).  Mr. Schwartz was present in Florida for the duration of the day

he was allegedly served, May 22, 2016. (Decl. Tim Schwartz ¶ 18.) Mr. Schwartz has corroborated this fact by presenting the receipt he received from a Tampa Walmart on the day in question. (Decl. Tim Schwartz Ex. "A".)

Additionally, Mr. Schwartz's brother, Robert Schwartz, was served at his residence in Brownsburg, Indiana in connection with this case, despite repeatedly telling the server that he was not Mr. Schwartz and that Mr. Schwartz did not live there. (Decl. Robert Schwartz).  As indicated above, Mr. Schwartz was not present during any stage of this process. (Decl. Tim Schwartz ¶ 18.) Thus, Mr. Schwartz was never properly served in conjunction with this lawsuit.

## **ARGUMENT**

Today this Court has the opportunity to avoid unnecessary litigation, concerning out of state events, in an inconvenient forum. Whatever controversies lie between Ms. Slesinger and Mr. Schwartz should be resolved in the State in which they transpired, the state is Florida. Therefore, Defendant respectfully request that this Court dismiss this lawsuit for two primary reasons: First, because Mr. Schwartz was never properly served in conjunction with this matter, and second because this Court lacks personal jurisdiction over Mr. Schwartz.

/ / /

/ / /

1
2

## I.  THE COURT SHOULD DISMISS THE CASE BECAUSE MR. SCHWARTZ WAS NEVER PROPERLY SERVED

3
4
5

Two attempts were apparently made to serve Mr. Schwartz in conjunction with this

6

lawsuit, but neither was successful. First, Mr. Schwartz was allegedly served at his father's

7
8

abandoned home in Olney, Illinois, but the address listed on the proof of service was

9

incorrect, and, more importantly, Mr. Schwartz was not present in the state during the

10

relevant timeframe. Second, Mr. Schwartz's brother, was served at his address in Indiana,

11
12

but once again Mr. Schwartz was not present in the state at that time. Rather, Mr. Schwartz

13

remained in Florida for the duration of the date in question, where no service was ever

attempted.

14
15

Under F.R.C.P. 12(B)(5), a defendant has the right to challenge the sufficiency of

16

attempted service of process. Then once a proper challenge is made, the Plaintiff has the

17
18

burden to establish its validity. *See Mann v. Castiel*, 681 F3d 368, 373 (DC Cir. 2012). A

19

return of service is generally considered prima facie evidence of how service was

20

performed, however, a Defendants can overcome this presumption by presenting clear and

21
22

convincing evidence to the contrary. *See SEC v. Internet Solutions for Bus., Inc.*, 509 F.3d

23

1161, 1166 (9th Cir. 2007). Absent an obvious defect appearing on the face of the return, a

24
25

defendant's motion to dismiss must be supported by declaration and other evidence

26

establishing the lack of proper service. *See Nationsbank, N.A. v. MaCoil (In re Med-*

27

*Atlantic Petroleum Corp.)*, 233 B.R. 644, 648 (Bankr.S.D.N.Y. 1999).

28

In the case at hand, a defect does appear on the face of the return of service indicating that Mr. Schwartz was never served. As indicated above, John Schwartz's address was improperly listed as "503 N Fair St., Onley, IN 62450" instead of appearing as it should have as "503 N. Fair St., *Olney, IL* 62450." Moreover, Mr. Schwartz has no affiliation with the Illinois Corporation Plaintiffs attempted to serve, Design Tank, Inc. Not to mention that the return lists the total cost of service at "$208.00," a suspiciously low figure for round trip tickets from San Diego to rural Illinois, which is hours away from the nearest standard airports, and back.

Furthermore, there is a variety of other evidence tending to show that proper service never occurred. The declarations of Mr. Schwartz, his father John, and his brother Robert, all tend to show that Mr. Schwartz was absent from Illinois and/or Indiana during the timeframe that he was allegedly served. Mr. Schwartz avers that he had not been present at either address at any time on May 22, 2016 or in the preceding months. Mr. Schwartz has included with his motion a receipt from a Walmart in Tampa, Florida, where he shopped on the day in question.

In sum, Mr. Schwartz can challenge the sufficiency of service both on its face, and with a multitude of extrinsic evidence. Thus, Mr. Schwartz has met his burden and this Court should grant his request for dismissal under F.R.C.P. (12)(B)(5).

/ / /

/ / /

*Lasswell Foundation for Learning and Laughter, Inc. et al. v. Timothy Schwartz. et al.*
Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss under F.R.C.P. 12(B)(5) and 12(B)(2)

## II. THE COURT SHOULD DISMISS THE CASE BECAUSE IT LACKS PERSONAL JURISDICTION OVER MR. SCHWARTZ

Additionally, this Court should grant Mr. Schwartz's motion to dismiss under F.R.C.P. 12(B)(2) for lack of personal jurisdiction. Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Uncontroverted allegations in the complaint must be taken as true. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). However, Plaintiff "cannot simply rest on the bare allegations of its complaint." *Amba Marketing Systems, Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).

Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. *Schwarzenegger*, 303 F.3d at 800. Because California's long-arm statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. Cal. Code Civ. Pro § 410.10.

Absent one of the traditional bases for jurisdiction, including in-state physical presence, domicile or consent to service of process, due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, (1945).

## A. General Jurisdiction May Not be Exercised Over Mr. Schwartz

Personal jurisdiction over a non-resident defendant may be either general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). A court may assert general jurisdiction over a defendant to hear any and all claims against it if the defendant is domiciled in the forum state, or its activities there are so "substantial," "continuous and systematic" as to render it at home in the forum state. *See Goodyear Dunlop Tires Operations*, *S.A. v. Brown* __ U.S. __, 131 S.Ct. 2846, 2851 (2011); *Bancroft & Masters, Inc. v. Augusta Nat. Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard for establishing general jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc.*, 223 F.3d at 1086. Courts have regularly declined to find general jurisdiction even where the contacts were quite extensive. *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n. 3 (9th Cir. 1993); *see also Helicopteros*, 466 U.S. at 418 (no general jurisdiction in Texas over helicopter transportation company that purchased 80 percent of its helicopters, spare parts, and accessories from Texas sources over a four-year period).

Mr. Schwartz has not lived in California since the end of 2009. (Decl. Tim Schwartz ¶ 4-7.) He owns no property here, he maintains no bank accounts, he conducts no business, he pays no taxes, and he has no assets in the state, of any kind. (Decl. Tim Schwartz ¶ 11-15.) Moreover, Mr. Schwartz has no intentions of leaving Florida to return to California at any time in the foreseeable future. (Decl. Tim Schwartz ¶ 4, 16.). Whatever contacts Mr.

Schwartz used to have with California have since disappeared. (Decl. Tim Schwartz ¶ 8.). In sum, Mr. Schwartz can hardly be said to have substantial, continuous or systematic contacts with the state that would qualify for personal jurisdiction. For these reasons, this Court should decline to exercise general jurisdiction over Mr. Schwartz.

## B. **Specific Jurisdiction May Not be Exercised Over Mr. Schwartz**

If a non-resident defendant's "contacts" with the forum state are not sufficiently "continuous and systematic" to satisfy general jurisdiction requirements, he may only be subject to jurisdiction on claims related to his activities or contacts there. *Goodyear Dunlop Tires Operations*, S.A., 131 S.Ct. at 2855. If the nonresident defendant operates entirely outside the forum state, the mere fact that his acts "cause an effect" within the state, or even that such effect was "foreseeable," is not enough, by itself, to support the exercise of local, personal jurisdiction. *J. McIntyre Machinary, Ltd. v. Nicastro*, __ U.S. __, 131 S. Ct. 2780, 2788 (2011). Instead, "limited" or "specific" personal jurisdiction requires a showing that:

(1) The out-of-state defendant purposefully directed his activities toward residents of the forum state or otherwise established contacts with the forum state;

(2) Plaintiff's cause of action arises out of or results from the defendant's forum related activities; and

(3) The forum's exercise of personal jurisdiction must be reasonable, i.e., comports

with fair play and substantial justice.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985). Here, not only did Mr.

Schwartz fail to direct his activities towards California, but the exercise of personal

jurisdiction over him would be unreasonable. Thus, the Court should decline to exercise

specific jurisdiction over Mr. Schwartz.


### 1. Mr. Schwartz Did Not Purposefully Direct His Activities Towards California.

To exercise specific jurisdiction over a non-resident defendant, the court must find

that the defendant purposefully directed his activities at forum residents, or purposefully

availed himself of the privilege of conducting activities within the forum state, thus

invoking the benefits and protections of local law. *Hanson v. Denckla*, 357 U.S. 235, 253-

54 (1958). This requirement protects against a nonresident being hauled into local courts

solely as the result of "random, fortuitous or attenuated" contacts over which he had no

control. *Burger King Corp.*, 471 U.S. at 476. Where the nonresident defendant's express

aim was not in California, the fact that it caused harm to plaintiff in California does not

satisfy the "purposeful direction" test, even if the nonresident defendant knew plaintiff to

be a California resident. *Schwarzenegger*, 303 F.3d at 807. Additionally, unilateral activity

by plaintiff, or by other persons over whom the non-resident defendant has no control, does

not satisfy the "purposeful availment" requirement. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416-17.

Mr. Schwartz moved to the state of California at the request of Ms. Slesinger. (Decl. Tim Schwartz ¶ 6.) Had she not made that request, Mr. Schwartz would not have relocated. (Decl. Tim Schwartz ¶ 6.) Mr. Schwartz has not done any business in the state of California since the end of 2009. (Decl. Tim Schwartz ¶ 4-7.) All of the pertinent events giving rise to the current controversy developed while Mr. Schwartz has been living in Florida. He has neither directed any of his activities at forum residents, nor has he "purposefully availed" himself of the privilege of conducting activities within the forum state. (Decl. Tim Schwartz ¶ 4-7, 11-16) He has not invoked the benefits or protections of California law. (Decl. Tim Schwartz ¶ 4-7.) Because he has not purposefully directed any of his activities towards California, the Court should find that there is no jurisdiction over Mr. Schwartz.

### 2. Plaintiffs' Causes of Action Do Not Arise from Mr. Schwartz's Forum-Related Contacts.

"Limited jurisdiction" means jurisdiction is limited to the causes of action arising out of or related to the non-resident's forum-related activities. *Doe v. National Medical Services*, 974 F.2d 143, 145 (10th Cir. 1992). The Ninth Circuit follows a "but for" test in determining whether the claim "arises out of" the non-resident's forum-related activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995). Under this standard, Plaintiff must

show that he would not have suffered this loss "but for" defendant's forum-related activities. *Id.*

Mr. Schwartz would not have moved to California of Ms. Slesinger had not reached out and requested him to do so. (Decl. Tim Schwartz ¶ 6.) Mr. Schwartz did not seek her out. (Decl. Tim Schwartz ¶ 6.) Moreover, any contacts that he had with the state of California have since been dispersed. (Decl. Tim Schwartz ¶ 4-7, 11-16) Thus, it cannot be argued that but-for the Defendants forum related activities, Plaintiffs would not have been harmed by the Defendants and the Court should find that there is no jurisdiction over Mr. Schwartz.

### 3. The Exercise of Personal Jurisdiction over Mr. Schwartz Would be Unreasonable.

Finally, in order to establish specific personal jurisdiction, the exercise of jurisdiction by local courts must be reasonable and comport with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 477-78. The weaker plaintiff's showing of purposeful availment and relatedness to forum-related acts, the less a defendant needs to show in terms of unreasonableness to defeat jurisdiction. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.32d 201, 212 (1st Cir. 1994). In determining "reasonableness," courts must consider the following factors:

(1) The extent of defendant's "purposeful" interjection;

(2) The burden on defendant in defending in the forum;

(3) The extent of conflict with the sovereignty of the defendant's state;

(4) The forum state's interest in adjudicating the dispute;

(5) The most efficient judicial resolution of the controversy;

(6) The importance of the forum to plaintiff's interest in convenient and effective relief; and

(7) The existence of an alternative forum.

*Walden v. Fiore*, 134 S.Ct. 1115, 1120-21 (2014). Additionally, lack of a legitimate state interest in the dispute "weighs heavily against the reasonableness" of its assertion of jurisdiction. *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 852 (9th Cir. 1993).

First, Mr. Schwartz does not reside within this state, but rather lives in Tampa, Florida. (Decl. Tim Schwartz ¶ 4.) Second, all of the pertinent witnesses, items, and events giving rise to this lawsuit occurred during the scope of Mr. Schwartz's employment in Florida. (Decl. Tim Schwartz ¶ 7-10.) Plaintiff's Amended Compliant even identified that "the work had to be completed in Florida." (Am. Compl. ¶ 21.) Third, Mr. Schwartz would be extremely burdened if he were obligated to defend this lawsuit in California based on actions that did not occur there. (Decl. Tim Schwartz ¶ 7-10.)  Mr. Schwartz would be unfairly forced to invest significant time and incur significant expense to defend a lawsuit in California, a place in which he conducted no business. Thus, California cannot maintain any jurisdiction of any kind over the Defendants.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests this Court to grant his dismissal from this action pursuant to F.R.C.P. 12(B)(5) for insufficient service of process, and/or pursuant to F.R.C.P. 12(B)(2) for lack of personal jurisdiction.


Respectfully submitted,

SHARIF | FAUST LAWYERS, LTD.

Dated:      1 July 2016              BY:      _____/s/ Matthew J. Faust_____
                                              Matthew J. Faust
                                     Attorneys for Plaintiff Timothy Schwartz