# UNITED STATES DISTRICT COURT

for the
Middle District of Florida
Tampa Division

| | |
|---|---|
| LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC., FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC and GOLDBOOK LTD.<br><br>*Plaintiff(s)*<br><br>-v-<br><br>TIMOTHY SCHWARTZ, DESIGN TANK, INC. and DOES 1-10<br><br>*Defendant(s)* | Case No. 8:17-cv-46-T-27TBM<br><br>Jury Trial: *(check one)*   X Yes      No |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

I. **The Parties Filing This Answer to the Complaint**

| | |
|---|---|
| Name | Timothy Schwartz |
| Street Address | 5108 W Longfellow Ave. |
| City and County | Tampa, Hillsborough |
| State and Zip Code | Florida 33629 |
| Telephone Number | 213-948-3599 |
| E-mail Address | tsschwartz@gmail.com |

II. **The Answer and Defenses to the Complaint**

   A. **Answering the Claims for Relief**

   1. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

2. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

**THE PARTIES**

3. Admit.

4. Admit.

5. Deny. Red Ryder Enterprises, Inc. (New York) ("Red Ryder NY") was dissolved in the State of New York on Jan. 25, 2012. Red Ryder Enterprises, Inc. (Florida) ("Red Ryder FL") was dissolved in the State of Florida Aug. 3, 2016. (EXHIBIT 1)

6. Deny Goldbook Ltd. ("Goldbook Ltd. CA") is a registered legal entity in California. (EXHIBIT 2) Deny Goldbook Ltd. CA utilized Defendant's services. Admit Patricia Slesinger, an individual and/or Goldbook Publishing, LLC ("Goldbook Publishing FL"), a Florida corporation dissolved Sept. 25, 2009. (EXHIBIT 3), utilized the services of Defendant Timothy Schwartz ("Schwartz") occasionally in 2000 and 2001 and on a full-time basis from March 2008 until January 2014. Deny Schwartz admitted to downloading any content from Goldbook Ltd.'s computers. Deny infringing "on Red Ryder and the charity Day to Laugh and Play."

7. Deny. Schwartz has resided at 5108 W. Longfellow Ave., Tampa, FL, since Jan. 2010. At the commencement of this lawsuit on Feb. 25, 2016, Schwartz did not own, operate nor was in any way associated with the websites www.cartoonys.com and www.daytolaughandplay.org. The website domain "cartoonys.com" was and is owned by China Capital Investment Limited, 3/F Wisdom Centre 37 Hollywood Rd, Hong Kong Central, Hong Kong. (EXHIBIT 4) The website domain "daytolaughandplay.org" was not registered at the commencement of this lawsuit on Feb. 25, 2016 and remained available for registration at the time of this Answer. (EXHIBIT 5)

8. Deny. Schwartz is not now, nor has he ever been, the owner of, or associated with,

Design Tank, Inc. in Illinois (EXHIBIT 6), California (EXHIBIT 7) or any other state. Design Tank, Inc. has never had a business address of 503 N. Fair St., Olney, IL.

9. Deny. Schwartz was en employee of Plaintiffs at all times relevant to the Complaint.

10. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

## JURISDICTION AND VENUE

11. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

12. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

13. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

14. Deny. Personal jurisdiction over Schwartz does not exist in the United States District Court for the Southern District of California.

15. Deny venue is proper in the United States District Court for the Southern District of California. Deny admitting to or downloading "digital and other proprietary files of Plaintiff Goldbook, Ltd. CA.

## GENERAL ALLEGATIONS

16. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

17. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

18. Deny. Artwork by Fred Lasswell is owned by the Estate of Shirley Lasswell, not the dissolved New York Corporation, Red Ryder Enterprises, Inc. NY.

19. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

20. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

21. Admit.

22. Deny Schwartz worked for Goldbook Ltd. CA. Schwartz actually worked for Patricia Slesinger, an individual, and/or Goldbook Publishing, LLC, a dissolved Florida

corporation. Deny making any false representations.

23. Deny. Schwartz had an oral agreement with Patricia Slesinger, an individual and/or Goldbook Publishing, LLC, a dissolved Florida Corporation, to provide services well beyond "preparing the Lasswell Archive." Deny Schwartz was to "identify, index and scan" artwork not already digitized as NO artwork was ever digitized.

24. Deny. Admit Patricia Slesinger owes Schwartz more than $500,000 in unpaid wages. Deny "out-of-state" staff or Schwartz stayed at hotels or nearby residents. Schwartz and Sharon Loya stayed at 5108 W. Longfellow Ave., Tampa, FL.

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny. Goldbook Publishing FL purported to terminate any relationship with Schwartz, not Goldbook Ltd. CA. (EXHIBIT 8)

33. Deny.

34. Deny. Plaintiffs filed this lawsuit for the improper purpose of harassing Schwartz, to drain his limited resources and needlessly increasing the cost of litigation. Moreover, the Plaintiffs' factual contentions do not have evidentiary support.

**FIRST CAUSE OF ACTION**

**CYBERSQUATTING (CARTOONYS.COM) (15 U.S.C. § 1125(d))**

35. The Defendant incorporates by reference all other paragraphs contained in this Answer as

if stated herein.

36. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

37. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

38. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

39. Deny. Schwartz does not own the domain name and has never used it for his own purposes. Schwartz operated cartoonys.com for Plaintiff Fred Lasswell, Inc. from 2010 through 2013. Plaintiffs and their attorney Andrew Skale were aware of the use as early as 2011 (EXHIBIT 9), renewed other trademarks based on the use (EXHIBIT 10), and filed Florida state sales tax returns in 2011, 2012 and 2013 based on sales at cartoonys.com. (EXHIBIT 11)

40. Deny. Fred Lasswell, Inc., was aware of cartoonys.com from its inception or at least as early as 2011. (EXHIBIT 9)

41. Deny. Fred Lasswell, Inc., was aware of cartoonys.com from its inception or at least as early as 2011. (EXHIBIT 9)

42. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

43. Deny.

44. Deny.

45. Deny.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

**SECOND CAUSE OF ACTION**

**CYBERSQUATTING (DAYTOLAUGHANDPLAY.ORG)**

**(15 U.S.C. § 1125(d))**

51. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

52. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

53. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

54. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

55. Deny. At the commencement of this lawsuit on Feb. 25, 2016, the domain "daytolaughandplay.org" was not registered to or owned by Schwartz and has been available for registration since that time. (EXHIBIT 5) The image included in the Complaint clearly shows that Schwartz's association with the domain expired Jan. 12, 2014, more than two years prior to the commencement of this lawsuit.

56. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

57. Deny.

58. Deny. There was no website posted on the domain since at least the commencement of this lawsuit on Feb. 25, 2016.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

## THIRD CAUSE OF ACTION

## TRADEMARK INFRINGEMENT (CARTOONYS.COM)

## (15 U.S.C. §§ 1114, 1125 et seq.)

66. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

67. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

68. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

69. Deny.

70. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

71. Deny.

72. Deny.

73. Deny. Plaintiffs have created what appears to be a badly Photoshopped image of their own artwork on Cafepress.com merchandise.

74. Deny.

75. Deny.

76. Deny.

77. Admit to having an iTunes account for Fred Lasswell, Inc. Deny the account was not authorized by the Plaintiffs.

78. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

79. Deny.

80. Deny.

81. Deny.

82. Deny.

83. Deny.

## FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT (DAYTOLAUGHANDPLAY.ORG)

## (15 U.S.C. §§ 1114, 1125 et seq.)

84. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

85. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

86. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Deny.


## FIFTH CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106, 501 et seq.)

94. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

95. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

96. Deny.

97. Admit creating a YouTube account. Deny the account was not authorized by the Plaintiffs.

98. Deny.

99. Admit to creating apps and an iTunes account for Fred Lasswell, Inc. Deny the account

was not authorized by the Plaintiffs.

101. Deny.

102. Admit apps were available for sale for Fred Lasswell, Inc. Deny they were not authorized by the Plaintiffs.

103. Admit.

104. Admit.

105. Admit.

106. Deny.

107. Deny. Fred Lasswell, Inc., sold videos at cartoonys.com which was operated by Schwartz.

108. Deny.

109. Deny.

## SIXTH CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION

110. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

111. Deny.

112. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

113. Deny.

114. Deny.

115. Deny.

116. Deny.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION (CAL. B&P § 17200 et seq.)

117. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

## EIGHTH CAUSE OF ACTION

## CONVERSION

123. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

124. Deny. Defendant was engaged by Patricia Slesinger, an individual, and/or Goldbook Publishing, LLC (Florida, dissolved). (EXHIBIT 3)

125. Deny.

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

## NINTH CAUSE OF ACTION

## BREACH OF CONTRACT

132. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

133. Lacks sufficient knowledge to admit or deny the allegations. Otherwise deny.

134. Deny. Plaintiffs owe Schwartz more than $500,000 in unpaid wages.

135. Deny. Goldbook Publishing, LLC (Florida, dissolved) and Schwartz purportedly had an agreement. (EXHIBIT 8)

136. Deny.

137. Deny.

138. Deny.

139. Deny.

## TENTH CAUSE OF ACTION

## FRAUD

140. The Defendant incorporates by reference all other paragraphs contained in this Answer as if stated herein.

141. Deny.

142. Deny.

143. Deny.

144. Deny.

145. Deny.

146. Deny.

**B.     Presenting Defenses to the Claims for Relief**

1. Another party, the Estate of Shirley Lasswell, needs to be joined as a Plaintiff in the case. The reason is it is the owner of property alleged to have been converted.

2. Another party, Stephen Slesinger, Inc., a New York or Florida corporation, needs to be joined as a Plaintiff in the case. The reason is it is the owner of property alleged to have been converted.

**C.     Asserting Affirmative Defenses to the Claims for Relief**

1. Plaintiff's Third Cause of Action for Trademark Infringement is barred by Laches (Delay). The reason is Plaintiffs and Plaintiffs' attorneys were aware of Schwartz's uses as early as May 2011 (EXHIBIT 9) and used those allegedly infringing uses as samples of current uses in the marketplace when renewing related trademarks. (EXHIBIT 10) Moreover, Plaintiffs first alleged infringement in 2014 but did not file this lawsuit until Feb. 25, 2016. (EXHIBIT 12)

2. Plaintiff's Fourth Cause of Action for Trademark Infringement is barred by Laches (Delay). The reason is Plaintiffs and Plaintiffs' attorneys were aware of Schwartz's uses as early as May 2011 (EXHIBIT 9) and used those allegedly infringing uses as samples of current uses in the marketplace when renewing related trademarks. (EXHIBIT 10) Moreover, Plaintiffs first alleged infringement in 2014 but did not file this lawsuit until Feb. 25, 2016. (EXHIBIT 12)

3. Plaintiff's Third Cause of Action for Trademark Infringement is barred by License. The reason is Schwartz was employed by Plaintiffs at all times while using Plaintiffs trademarks, if any.

4. Plaintiff's Fourth Cause of Action for Trademark Infringement is barred by License. The reason is Schwartz was employed by Plaintiffs at all times while using Plaintiffs

trademarks, if any.

5. Plaintiff's Fifth Cause of Action for Copyright Infringement is barred by License. The reason is Schwartz was employed by Plaintiffs at all times while using Plaintiffs copyrights, if any.

6. Plaintiff's Fifth Cause of Action for Copyright Infringement is barred by statute of limitations. The reason is 17 U.S.C. § 507(b) allows 3 years to file a claim. The Plaintiffs were aware of Schwartz's use in May 2011. The statute of limitations expired in May 2014. (EXHIBIT 9)

7. Plaintiff's Sixth Cause of Action for Common Law Unfair Competition is barred by statute of limitations. The reason is Cal. Bus. & Prof. Code § 17208 allows 4 years from first knowledge to file a claim. The Plaintiffs were aware of Schwartz's use in May 2011. The statute of limitations expired in May 2015.

8. Plaintiff's Seventh Cause of Action for Unfair Competition is barred by statute of limitations. The reason is Cal. Bus. & Prof. Code § 17208 allows 4 years from first knowledge to file a claim. The Plaintiffs were aware of Schwartz's use in May 2011. The statute of limitations expired in May 2015.

9. Plaintiff's Eighth Cause of Action for Conversion is barred by statute of limitations. The reason is Cal. Civ. Proc. § 338(c)(1) allows 3 years from the date of conversion to file a claim. The Plaintiffs were aware of any alleged conversion in 2012. The statute of limitations expired in 2015.

10. Plaintiff's Ninth Cause of Action for Breach of Contract is barred by statute of limitations. The reason is California Civ. Proc. § 339 allows 2 years to file a claim based on an oral agreement. The Plaintiffs alleged that they terminated any agreement with Schwartz on Jan. 7, 2014. The statute of limitations expired at the latest on Jan. 7, 2016.

11. The Plaintiff's Tenth Cause of Action for Fraud is barred by statute of limitations. The

reason is California Civ. Proc. § 339 allows 2 years to file a claim. The Plaintiffs alleged that they terminated any agreement with Schwartz on Jan. 7, 2014. The statute of limitations expired at the latest on Jan. 7, 2016.

13. At the commencement of this lawsuit on Feb. 25, 2016, Schwartz did not own, operate nor was in any way associated with the websites www.cartoonys.com. Furthermore, at the commencement of this lawsuit on Feb. 25, 2016, the domain "cartoonys.com" was not registered to or owned by Schwartz. It was and is registered to Ocean Gate Holdings, Room 1505B, 15/F Fortress Tower, 250 King's Road, Hong Kong.

14. At the commencement of this lawsuit on Feb. 25, 2016, Schwartz did not own, operate nor was in any way associated with the websites www.daytolaughandplay.org . Furthermore, at the commencement of this lawsuit on Feb. 25, 2016, the domain "daytolaughandplay.org" was not registered to or owned by Schwartz and has been available for registration since that time.

III. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Feb. 15, 2017

Signature of Defendant: *Timothy S Schwartz*

Printed Name of Defendant: Timothy Schwartz