**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**LASWELL FOUNDATION FOR LEARNING
AND LAUGHTER, INC., et al.,**

    **Plaintiffs,**

**v.**                                                    **Case No. 8:17-cv-46-T-27TBM**

**TIMOTHY SCHWARTZ, et al.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the Court on **Defendant Timothy Schwartz's Motion to Appoint Pro Bono Counsel** (Doc. 29) and Plaintiffs' response in opposition (Doc. 35).

By the motion, Defendant states that attorney Scott McLaren has agreed to represent him on a pro bono basis, and he asks the Court for an Order appointing Mr. McLaren to such representation. Defendant attaches an Affidavit of Indigency in support. (Doc. 29-1).

Plaintiffs object to the motion, asserting that Mr. Schwartz does not qualify as indigent and in any event this is not the type of extraordinary case in which counsel should be appointed. (Doc. 35).

Thereafter, Scott McLaren filed a Notice of Limited Appearance (Doc. 36) and requested a status conference on the matter (Doc. 37), which the Court granted (Doc. 38).

A telephonic hearing was conducted March 14, 2017.

For the reasons explained on the record and more fully discussed at hearing, **Defendant Timothy Schwartz's Motion to Appoint Pro Bono Counsel** (Doc. 29) is **DENIED without prejudice**.

By my review of the Affidavit, Defendant does not demonstrate indigency (*see* Doc. 29-1). Defendant maintains employment, has no significant expenses, owns his vehicle outright, and has some money in the bank. Moreover, Defendant has previously retained counsel in this case prior to transfer from the Southern District Court of California and has retained counsel in a pending action in Hillsborough County in which he filed suit against Plaintiffs and others for breach of implied contract, unjust enrichment, and account stated. *See Schwartz v. Goldbook Publishing, LLC*, Case No. 16-CA-11624, Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida.

Furthermore, this case does not at this time to present extraordinary circumstances giving rise to the appropriateness of the Court appointing counsel to represent Defendant. Title 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel." However, the appointment of counsel in a civil case is not guaranteed and lies within the discretion of the trial court. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (citations omitted). "The appointment of counsel is a privilege that is justified only by the existence of exceptional circumstances, such as where the facts and legal issues in the case are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (citations omitted); *see also Burgess v. Bradshaw*, 626 F. App'x. 257, 259 (11th Cir. 2015) (explaining, "The key is whether the *pro se* litigant needs assistance presenting the essential merits of his position to the court .... The following factors determine whether exceptional circumstances exist: (1) the type and complexity of the case; (2) whether the litigant is capable of adequately presenting his case; (3) whether the litigant is in a position adequately to investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination."); *see also Smith v. Florida Dep't of Corr.*, 713 F.3d 1059, 1065, n.11 (11th

Cir. 2013). Further, "[t]he Supreme Court has indicated that an appointment of counsel in civil cases may be appropriate when quasi-criminal penalties or severe civil remedies are at stake, such as those in a civil commitment proceeding or when an indigent risks losing his or her child in a custody case.... Thus, only in civil cases that present an extreme hardship to petitioner are courts empowered to cause legal assistance to be provided...." *Washington v. U.S.*, 93 Fed. Cl. 706, 708-09 (2010) (citations omitted). Such circumstances simply are not presented here.

Of course, Plaintiff is free to hire Mr. McLaren if he wishes, and Mr. McLaren is free to represent Defendant on a pro bono basis if he so chooses. However, at present the Court finds no justification or basis to appoint Defendant an attorney in order to pay either his attorney's fees or costs.

As discussed at hearing, in the event that circumstances arise in which it is appropriate to request appointment of counsel for a particular purpose, Defendant may bring such request to the Court's attention by subsequent motion.

**DONE and ORDERED** in Tampa, Florida, this 14th day of March 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record
*Pro se* Defendant

3