UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASSWELL FOUNDATION FOR LEARNING
AND LAUGHTER, INC., FRED LASSWELL,
INC., RED RYDER ENTERPRISES, INC.,
and GOLDBOOK, LTD.,

Plaintiffs

vs.

Case No: 8:17-cv-00046-JDW-TBM

TIMOTHY SCHWARTZ, DESIGN
TANK, INC., and DOES 1 – 10,

Defendants.
_____/

## CASE MANAGEMENT REPORT

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **March 29, 2017** at **5:00pm** (**X**) by **telephone** (or) (__) at _____ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Woodrow Pollack | Plaintiffs |
| Timothy Schwartz | Pro se |

2. <u>Initial Disclosures</u>:

a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other

1

evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1)[1].

The parties (check one)

    **X**    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or **agree to exchange such information on or before April 12, 2017**[2].

    _____    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:
_____
_____
_____

    _____    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

    a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenged the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. Civ. P. 26(a)(1)(A)-(D) must be made at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan. Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

(1) <u>Requests for Admission:</u>  **Plaintiffs intend to serve Requests for Admissions in accordance with the Federal Rules of Civil Procedure.**

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u> **Plaintiffs intend to serve Interrogatories in accordance with the Federal Rules of Civil Procedure.**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u> **Plaintiffs intend to serve Requests for Production in accordance with the Federal Rules of Civil Procedure.**

(4) <u>Oral Depositions:</u> **Plaintiffs intend to take depositions in accordance with the Federal Rules of Civil Procedure.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:   Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| **Name of Deposition** | **Proposed Length** | **Grounds** |
|---|---|---|
| | | |
| | | |

b. Disclosure of Non-Expert Testimony: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than sixty (60) days prior to pre-trial conference): **September 25, 2017**.

c. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: Expert report for issues on which parties have the burden: **November 1, 2017**. Rebuttal reports **November 17, 2017**.

d. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **Within twenty (20) days of discovering the need for supplementation and, in any event, at least five (5) days before trial.**

e. Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before **December 12, 2017**.

4. Discovery Plan - Defendant: The parties jointly propose the following Defendant's discovery plan:

a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission: **Defendant intends to serve Requests for Admissions in accordance with the Federal Rules of Civil Procedure**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories: **Defendant intends to serve Interrogatories in accordance with the Federal Rules of Civil Procedure.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u> **Defendant intends to serve Requests for Production in accordance with the Federal Rules of Civil Procedure.**

(4) <u>Oral Depositions:</u> **Defendant intends to take depositions in accordance with the Federal Rules of Civil Procedure.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| **Name of Deposition** | **Proposed Length** | **Grounds** |
|---|---|---|
|  |  |  |
|  |  |  |

b. <u>Disclosure of Non-Expert Testimony</u>: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than sixty (60) days prior to pre-trial conference): **September 25, 2017**.

c. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here: Expert report for issues on which parties have the burden: **November 1, 2017**. Rebuttal reports **November 17, 2017**.

d. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times: **Within twenty (20) days of discovering the need for supplementation and, in any event, at least five (5) days before trial.**

e. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **December 12, 2017**.

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

a. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as confidential. There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need. With respect to confidentiality agreements, the parties agree as follows: **The parties will agree to a confidentiality agreement providing for at least two (2) tiers of confidentiality CONFIDENTIAL and CONFIDENTIAL, ATTORNEYS-EYES-ONLY.**

6. Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**None.**

7. Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be **August 15, 2017**. (Note time limit in Local Rule 4.03.)

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely  (check one)
**X** unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
_____ yes   **X no**   _____ likely to agree in future

7

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

_____ yes  **X** no  _____ likely to agree in future

10. Preliminary Pretrial Conference:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
___ request   (check one)
**X** do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after **January 8, 2018** and for trial on or after **February 5, 2018**. This **X Jury** ___ Non-Jury ___ trial is expected to take approximately **3** days.

12. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. Other Items:

**The parties agree that email constitutes service in accordance with Fed. R. Civ. P. 5.**

**The parties are negotiating a protocol for the exchange of electronically stored information.**

April 5, 2017

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack
Florida Bar No. 26802
Greenberg Traurig, LLP
101 E. Kennedy Blvd
Suite 1900
Tampa, FL 33602
(813) 318-3700
(813) 318-5900 (facsimile)

pollackw@gtlaw.com

Andrew D. Skale, *admitted pro hac vice*
(SBN 211096)
Mintz Legin Cohn Ferris Glovsky & Popeo, PC
3580 Carmel Mountain Road
Suite 300
San Diego, CA 92130
(858) 314-1500
(858) 314-1501 (facsimile)
askale@mintz.com

*Counsel for Plaintiffs*

/s/ Timothy Schwartz
Timothy Schwartz

*Pro Se Defendant*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 5, 2017 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Woodrow H. Pollack*
Woodrow H. Pollack