UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC., FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC., AND GOLDBOOK LTD., <br><br>           Plaintiffs, <br> vs. <br><br> TIMOTHY SCHWARTZ; DESIGN TANK, INC.; and DOES 1-10, inclusive, <br><br>           Defendants. | Case No. 8:17-cv-46-T-27CPT <br><br> The Hon. James D. Whittemore <br> Courtroom 13B <br><br> Magistrate Judge Christopher P. Tuite |

## **MINTZ LEVIN'S L.R. 2.03(b) MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW**

Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. ("Mintz Levin"), counsel of record for Plaintiffs ("Plaintiffs") in the above-captioned case, hereby moves (the "Motion") the Court for an order pursuant to L.R. 2.03(b) granting Mintz Levin leave to withdraw as counsel of record to Plaintiffs in this case. Plaintiffs continue to have Florida counsel on this case, so Plaintiffs will still be represented by counsel upon granting of this Motion.

Pursuant to Rule 4-1.16(b) of the Florida Rules of Professional Conduct, a lawyer may withdraw where either: (1) the client's insisted actions are in fundamental disagreement with the lawyer, (2) the client substantial fails to fulfill an obligation regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled (3) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client, or (4) other good cause exists. Additionally,

withdrawal may be had with no reason other than it "can be accomplished without material adverse effect on the interests of the client." *Id.*

Undersigned meets each of these independent criteria for withdrawal and the professional considerations warrant withdrawal. *See* Declaration of Andrew D. Skale ("Decl.") ¶¶ 2-3; *see, e.g. Horan v. O'Connor*, 832 So. 2d 193, 194 (Fla. App. 2002) (Granting withdrawal upon affidavit stating "irreconcilabile differences" even with objection of client that differences were unsubstantiated and non-existent; "[w]e see no need for this counsel to explain why he wishes to withdraw in more detail, as such an explanation could be detrimental to the client or protected by the attorney-client privilege); *United States CFTC v. Allied Mkts.*, LLC, 2015 U.S. Dist. LEXIS 187968, *2-3 (M.D. Fla. Jun. 3, 2015) (granting withdrawal, citing among bases failure to pay past-due fees and abide by the fee agreement); *Ultratech Int'l, Inc. v. Res. Energy Grp., LLC*, 2014 U.S. Dist. LEXIS 191938, *3 (M.D. Fla. Aug. 13, 2014) ("Because Defendants have failed to communicate and cooperate with counsel, they have rendered the representation unreasonably difficult. Therefore, the Court will allow counsel to withdraw.").

Additionally, the independent grounds for withdrawal of lack of prejudice attends here. The dispute between the parties has been largely litigated in the companion state case (which shares both Schwartz and parties that overlap or are affiliated with the Plaintiffs in this case), where discovery is still ongoing. *Id.* ¶¶ 6-7.[1] Since August 18, 2017, Plaintiffs' Florida co-counsel in this federal action has been the sole counsel in the state case, where both sides are represented by counsel. ECF No. 54; Decl. ¶ 6 (13th Jud. Cir. For Hillsborough County Case No. 16-CA-011624).

---

[1] Defendants have in fact taken no discovery in this federal case. *Id.* ¶ 7.

Moreover, Plaintiffs will continue to have counsel, as Florida counsel is still counsel of record in the case.  In addition, the withdrawal motion has only been made after giving Plaintiffs over three months to order their representation otherwise to their liking.  M.D. Fla. L.R. 2.03(c).[2]

The undersigned is prepared to provide additional further details in camera to the Court in order to protect the attorney-client privilege and mitigate harm to the clients, should the Court so desire.  ABA Formal Opinion No. 476 pp. 8-9 (Withdrawal attempt should "first attempt[t] to file a withdrawal motion with a formulaic reference [] as the grounds for the motion," which the court may either grant or, as needed, ask for more information on an in camera basis) available at https://www.americanbar.org/content/dam/aba/administrative/professional_responsibility/aba_formal_opinion_476.authcheckdam.pdf.

Mintz Levin respectfully requests that it be granted leave to withdraw from this case with no further obligations in the matter.

Dated:  September 7, 2018           By  *s/Andrew D. Skale*
                                        Andrew D. Skale (*Pro Hac Vice*)
                                        Ben L. Wagner (of counsel)
                                        MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
                                        3580 Carmel Mountain Road, Suite 300
                                        San Diego, CA 92130
                                        Telephone:  (858) 314-1500
                                        Facsimile:  (858) 314-1501
                                        askale@mintz.com
                                        bwagner@mintz.com

                                        Co-Attorneys for Plaintiffs

---

[2] Plaintiffs were advised in late May 2018 that a motion to withdraw would be filed as early as June 20, 2018 absent stipulated withdrawal, a date which was extended as an accommodation to July 30, and is now being filed on September 6, 2018.  *Id.*  ¶ 5.

## **CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On September 7, 2018, I filed a copy of the foregoing document by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered users.

- Jonathan B. Sbar, Esq., jsbar@rmslega.com; mlamoureaux@rmslegal.com

Executed on September 7, 2018, at San Diego, California.

*s/Andrew D. Skale*
Andrew D. Skale (*Pro Hac Vice*)

# **CERTIFICATE OF SERVICE**

I am employed in the County of San Diego, my business address is Mintz Levin Cohn Ferris Glovsky and Popeo PC, 3580 Carmel Mountain Road, Suite 300, San Diego, CA  92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On September 7, 2018, I caused a copy of the following document:

**MINTZ LEVIN'S L.R. 2.03(b) MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

| | |
|---|---|
| Timothy Schwartz<br>5108 W. Longfellow Avenue<br>Tampa, FL  33629 | *Pro Se* **Defendant** |
| LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC.<br>FRED LASSWELL, INC.<br>RED RYDER ENTERPRISES, INC.<br>GOLDBOOK LTD.<br>1282 Lago Vista Place<br>Beverly Hills, CA  90210 | **Plaintiffs**<br>LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC., FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC., AND GOLDBOOK LTD. |

| | | |
|---|---|---|
| ☒ | **MAIL:** | Such correspondence was deposited, postage fully paid, with the U.S. Postal Service on the same day in the ordinary course of business. |

2

I declare under penalty of perjury that the above is true and correct. Executed on September 7, 2018, at San Diego, California. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

_____
Kelly E. Jenckes