UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

LASSWELL FOUNDATION FOR LEARNING
AND LAUGHTER, INC., FRED LASSWELL,
INC., RED RYDER ENTERPRISES, INC.,
AND GOLDBOOK LTD.,

                    Plaintiffs,

    vs.

TIMOTHY SCHWARTZ; DESIGN TANK,
INC.; and DOES 1-10, inclusive,

                 Defendants.

Case No. 8:17-cv-46-T-27CPT

The Hon. James D. Whittemore
Courtroom 13B

Magistrate Judge Christopher P. Tuite

**DECLARATION OF ANDREW D. SKALE IN SUPPORT OF REPLY IN SUPPORT OF**

**MINTZ LEVIN'S L.R. 2.03(b) MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

**FOR PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW**

I, ANDREW D. SKALE, DECLARE:

1.      I am an attorney at law duly licensed to practice law in the State of California and

am admitted *pro hac vice* in the United States District Court for the Middle District of Florida.  I

am member of the law firm Mintz Cohn Ferris Glovsky and Popeo, PC, attorneys of record for

Plaintiffs LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC., FRED

LASSWELL, INC., RED RYDER ENTERPRISES, INC., and GOLDBOOK LTD.

("Plaintiffs").  I am readily familiar with the facts in this matter and if called as a witness to

testify, could competently do so.

2.      Attached as **Exhibit 1** hereto is a true and correct copy of the March 1, 2017

Amended Complaint (filed on the docket with Plaintiff's Motion to Deem Amended Complaint

Filed) in the following case in Slesinger et al. v. Schwartz et al., Case No. 14-CA-004950 (Circuit Court of the Thirteenth Judicial Circuit In and For Hillsborough County, Florida Civil Division) (the "State Case").

3.     Attached as **Exhibit 2** is a true and correct copy of a printout for the online docket in the State Case, accessed from the Circuit Court's online case database at hover.hillsclerk.com. The docket entry at July 17, 2017 reads: "Notice of Appearance of Jonathan B Sbar, Esq as Counsel." Mintz Levin is not and has never been counsel in the State Case or related state case. The docket records a response to this operative pleading July 24, 2017, docketing the filing of the "Answer and Affirmative Defenses to First Amended Complaint."

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this September 20, 2018, at San Diego, California.

_____
Andrew D. Skale

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On September 20, 2018, I filed a copy of the foregoing document by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF registered users.

- Jonathan B. Sbar, Esq., jsbar@rmslega.com

Executed on September 20, 2018, at San Diego, California.

<u>*s/Andrew D. Skale*</u>
Andrew D. Skale (*Pro Hac Vice*)

<u>**CERTIFICATE OF SERVICE**</u>

I am employed in the County of San Diego, my business address is Mintz Levin Cohn Ferris Glovsky and Popeo PC, 3580 Carmel Mountain Road, Suite 300, San Diego, CA 92130. I am over the age of 18 and not a party to the foregoing action.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for personal delivery, for mailing with United States Postal Service, for facsimile, and for overnight delivery by Federal Express, Express Mail, or other overnight service.

On September 20, 2018, I caused a copy of the following document:

**DECLARATION OF ANDREW D. SKALE IN SUPPORT OF MINTZ LEVIN'S L.R. 2.03(b) MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND INCORPORATED MEMORANDUM OF LAW**

to be served on the interested parties in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, and addressed as follows:

Timothy Schwartz                    *Pro Se*
5108 W. Longfellow Avenue
Tampa, FL 33629

| | |
|---|---|
| | **Plaintiffs** |
| LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC. FRED LASSWELL, INC. RED RYDER ENTERPRISES, INC. GOLDBOOK LTD. 1282 Lago Vista Place Beverly Hills, CA 90210 | LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC., FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC., AND GOLDBOOK LTD. |

| XX | **MAIL:** | Such correspondence was deposited, postage fully paid, with the U.S. Postal Service on the same day in the ordinary course of business. |
|---|---|---|
| XX | **EMAIL:** | To ensure prompt receipt, both parties were also emailed a copy to their regular email addresses used throughout these proceedings. |
| XX | **FED-EX:** | To ensure prompt receipt by Plaintiffs, this document was also overnighted through Federal Express for next-day delivery. |

I declare under penalty of perjury that the above is true and correct. Executed on September 20, 2018, at San Diego, California. I further declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

_____
Kerry Winterson



EXHIBIT 1

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

PATRICIA A. SLESINGER, as the Personal
Representative of the ESTATE OF SHIRLEY
LASSWELL,

        Plaintiff,

vs.

TIMOTHY SCHWARTZ,

        Plaintiff.

_____/

Case No.: 14-CA-004950
Division D

### PLAINTIFF'S MOTION TO DEEM AMENDED COMPLAINT FILED

COMES NOW, Plaintiff, through undersigned counsel, and hereby files this Motion to Deem Amended Complaint Filed, and in support thereof states as follows:

1. The Complaint in this case was filed on May 9, 2014.

2. Defendant filed counterclaims.

3. On or about November 17, 2016, the undersigned counsel was substituted as counsel for Plaintiff in this cause.

4. On December 8, 2016, a Case Management Conference was held at which the undersigned made an *ore tenus* motion for leave to amend the Complaint, which was granted with the instruction that the undersigned prepare and file a Motion attaching the Amended Complaint.

5. Opposing counsel had no objection to the *ore tenus* motion and it was agreed that opposing counsel would have thirty (30) days to respond to the amended complaint.

6. On January 3, 2017, at a hearing on Plaintiff's Motion for Expedited Discovery, the Court requested that Plaintiff produce Estate-related documentation and, as such, Plaintiff's counsel made an *ore tenus* motion for a 15-day extension to file the amended complaint, which was granted.

7. A stipulation was subsequently reached between counsel further extending the deadline.

8. Subsequently, on February 2, 2017, a Motion for Extension of Time was filed by the undersigned for multiple reasons of good cause, including that the undersigned had learned of an additional, related action filed by Defendant in the Circuit Court of Hillsborough County, and that a related federal case was recently transferred to the Middle District of Florida from the Southern District of California. The newly filed Circuit Court case and recently transferred federal case are both directly inter-related with the underlying claims/Counterclaim pending before this Court and there were currently multiple parties, attorneys and law firms involved in developing a consistent, unified strategy for the Lasswell/Slesinger parties in these sundry actions/counterclaims.

9. In addition, Estate-related issues needed to be tended to by the recently hired attorney for the Estate.

WHEREFORE, Plaintiff respectfully requests this Honorable Court deem the First Amended Complaint attached hereto as **Exhibit 1** filed, and for such other and further relief as the Court deems appropriate under the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ePortal system and that the foregoing document was served via email generated by the ePortal system to: David J. Plante, Esq. of The Plante Law Group, PLC at david@theplantelawgroup.com and plg@theplantelawgroup.com.

LIESER SKAFF ALEXANDER, PLLC
*Attorneys for Plaintiff*
403 North Howard Avenue
Tampa, Florida 33606
Telephone: (813) 280-1256
Facsimile: (813) 251-8715

/s/ Jeffrey P. Lieser
JEFFREY P. LIESER
Florida Bar No.:29164
Primary: jeff@lieserskaff.com
LAURA R. MAULDIN
Florida Bar No.: 103091
Primary: laura@lieserskaff.com
Secondary for all: efile@lieserskaff.com

3

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
### CIVIL DIVISION

PATRICIA A. SLESINGER, as Personal
Representative of the Estate of SHIRLEY S.
LASSWELL, FRED LASSWELL, INC., a
Florida corporation, SLESINGER
COMMUNICATIONS, INC., a California
corporation, LASSWELL FOUNDATION
FOR LEARNING AND LAUGHTER,
INC., a not-for-profit Florida corporation
and GOLDBOOK, LTD., a California
limited partnership,

Plaintiffs,                                     Case No.: 14-CA-004950
                                               Division D
v.

TIMOTHY SCHWARTZ, an individual,
and DESIGN TANK, INC., d/b/a or a/k/a
Design Tank, an involuntarily dissolved
Illinois corporation, and UNKNOWN
DEFENDANTS,

      Defendants.
_____/

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, PATRICIA A. SLESINGER, as Personal Representative and on

behalf of the Estate of Shirley S. Lasswell ("Personal Representative"), FRED LASSWELL,

INC., SLESINGER COMMUNICATIONS, INC. ("SCI"), LASSWELL FOUNDATION FOR

LEARNING AND LAUGHTER, INC., and GOLDBOOK, LTD. ("Goldbook"), (collectively

these entities are referred to as "Corporate Plaintiffs"), by and through the undersigned attorney,

and sue Defendants, TIMOTHY SCHWARTZ ("Schwartz"), DESIGN TANK, INC., d/b/a or

a/k/a Design Tank ("Design Tank"), and UNKNOWN DEFENDANTS (collectively, Schwartz,

Design Tank and Unknown Defendants are referred to as "Defendants") and allege:

**EXHIBIT 1**

## PARTIES, JURISDICTION AND VENUE

1.      Shirley S. Lasswell a/k/a Shirley Ann Slesinger-Lasswell is the record owner of real property in Hillsborough County, Florida located at 5108 W. Longfellow Avenue, Tampa, Florida 33629 (the "Lasswell Family Home").

2.      The Lasswell Family Home is more particularly described as follows:

> Lot 6 of SUNSET PARK ISLES UNIT #1, as per map or plat thereof
> Recorded in Plat Book 31 on Page 2 of the Public Records of
> Hillsborough   County, Florida.

3.      The Lasswell Family Home is a 3,008 square-foot open-bay, waterfront single family residence in Tampa's Sunset Park neighborhood, with a market value of $1,380.884.00 according to the Hillsborough County Property Appraiser's website.

4.      Title to the Lasswell Family Home deraigns as follows:   Shirley S. Lasswell acquired title to the Lasswell Family Home by virtue of that Warranty Deed dated April 8, 1966, from John L. Liner and Nina F. Liner to Fred D. Lasswell, Jr., and Shirley A. Lasswell, which was recorded on or about April 11, 1966, in Official Records Book 1599, Page 902, in the Public Records of Hillsborough County, Florida.

5.      A copy of said Warranty Deed is attached hereto as **Exhibit "A"** and incorporated herein.

6.      Fred D. Lasswell, Jr., died in 2001 and title to the Lasswell Family Home transferred to Shirley S. Lasswell.

7.      Shirley S. Lasswell died in 2007.

2

8.     Upon Ms. Lasswell's death, and at all relevant times hereto, the Lasswell Family Home did contain the home offices, personal belongings, household items, mementos, memorabilia, heirlooms and worldly possessions of the Lasswell family.

9.     Patricia A. Slesinger is an individual and primary beneficiary of the Estate, as defined below.

10.    Prior to Shirley Lasswell's death, Patricia A. Slesinger was Ms. Lasswell's attorney-in-fact under a power of attorney.

11.    Following Ms. Lasswell's passing, the Lasswell Family Home became an asset of Ms. Lasswell's Estate (the "Estate").

12.    On or about February 13, 2017, Patricia A. Slesinger was appointed Personal Representative of the Estate of Shirley S. Lasswell in Hillsborough County Case No. 17-CP-000335.  See composite **Exhibit "B,"** incorporated herein.

13.    Pursuant to the provisions of Section 733.601, Florida Statutes, the powers of a personal representative relate back in time to give acts by the person appointed, occurring before appointment and beneficial to the estate, the same effect as those occurring after appointment.

14.    Plaintiff, Fred Lasswell, Inc., is a Florida corporation duly authorized to conduct business in the state of Florida.

15.    Plaintiff, SCI, is a California corporation.

16.    Plaintiff, Lasswell Foundation for Learning and Laughter, Inc., is a Florida Not-for-Profit corporation duly authorized to conduct business in the state of Florida.

17.    Plaintiff, Goldbook, is a California limited partnership.

18.    Defendant, Timothy Schwartz, is an individual currently claiming residence in Hillsborough County, Florida.

3

19.     Defendant, Design Tank, Inc., was an Illinois corporation owned and operated by Schwartz.

20.     Unbeknownst to Plaintiffs, Design Tank, Inc., was involuntarily dissolved by the Illinois Secretary of State on December 12, 2008.

21.     UNKNOWN DEFENDANTS are those unknown individuals who may be residing at the Lasswell Family Home with the permission or consent of Schwartz and/or who aided, abetted or assisted Schwartz in carrying out the complained of activities herein, including the removal of Personal Property, as defined below.

22.     This Court has jurisdiction over this matter pursuant to Section 26.012(2(a)) and (f), Florida Statutes.

23.     Venue is proper in Hillsborough County, Florida, because (a) the Lasswell Family Home is located in Hillsborough County, Florida; (b) the causes of action accrued in Hillsborough County, Florida; and (c) Schwartz claims to reside in Hillsborough County, Florida.

<u>**GENERAL ALLEGATIONS**</u>

24.     Fred and Shirley Lasswell were longtime residents of Tampa, Florida and were each creative artists.

25.     The Lasswells are remembered for their genuine warmth and philanthropic endeavors.

26.     Mr. Laswell was a world-renowned 20th Century humorist, prolific cartoonist and inventor.

27.     One such cartoon is this Christmas card from Mr. Laswell, Shirley Lasswell and Patricia A. Slesinger featuring some of Mr. Laswell's comic strip characters:

4



28.     He is best known as the artist and writer of Barney Google and Snuffy Smith, for which he created more than 25,000 daily and Sunday comic strips and over 152,000 drawings from 1933 to 2001 from his Tampa office and home studio.

29.     Barney Google and Snuffy Smith are recognized as one of the oldest continually syndicated comic strips in history.

30.     During his lifetime, Fred Lasswell created or collected thousands of pieces of art, comic strips and creative works, including:

    a.    Comics for the Blind that "feel funny," whimsical original songs, animal characters and teacher instruction manuals that teach kids to write and draw, including a new and easy way to learn the alphabet and numbers;

    b.    A collection spanning eighty years of original art, sketches, sketch books, storyboards, drawings, comic strip panels, letters, writings, jokes, humor skits, scripts, paintings, photographs, original films, published and unpublished books, golden age comic books, children's activity books, games and original children's media;

    c.    Proprietary software and digital items; and

    d.    Character and themed merchandise - - together with art, writings, popular books, photographs and memorabilia.

(Collectively "Fred Lasswell Archive").

5

31.     Prior to their deaths, Fred and Shirley Laswell, through their companies and entities, either created, owned or possessed the Fred Lasswell Archive, and a collection of originals of art, comic strips, comics, books, printed media, motion pictures, photographs, movies, songs and video recordings, as well as other comic strips, characters, physical items and creative content, representing the best loved artists and authors of popular 20th Century culture. All such items collectively referred to as the "Archive."

32.     The Archive was located at two locations in Tampa, Florida, – the Lasswell Family Home and an office on North Westshore Boulevard ("The Lasswell Office").

33.     Prior to his death, Fred Laswell and The Ohio State University Cartoon Research Library, the preeminent library of comics and cartoon art in the country, agreed that the Fred Laswell Archive would be transferred to the Library.

34.     During the last two years of Fred Lasswell's life, he began preparing the Fred Lasswell Archive for transfer to The Ohio State University Cartoon Research Library.

35.     At the time of his death, Mr. Lasswell had organized and digitized about 80% of the Fred Lasswell Archive.

36.     Goldbook and SCI (collectively the "Goldbook Partnership") were tasked with completing the organization and digitization following Mr. Lasswell's passing.

37.     Completion of the Fred Lasswell Archive required the services of individuals with the technical skill to scan and organize the remaining contents of the Fred Lasswell Archive in electronic files.

38.     From time to time, Defendant Schwartz had worked as a digital project consultant to Goldbook.

6

39. Pursuant to a verbal agreement, the Goldbook Partnership and Schwartz, as an individual and also on behalf of Design Tank, agreed that Schwartz and Design Tank would furnish some of the required services to finalize the Fred Lasswell Archive in exchange for an undetermined amount of compensation and consideration from the Goldbook Partnership; more specifically, Schwartz and Design Tank were to identify and index the files already digitized and stored on CDs in the digital library, and to identify, index and scan those not already digitized (the "Project").

40. Schwartz was also occasionally also tasked with various other tasks and administrative undertakings.

41. Design Tank and/or Schwartz were to serve as consultants to the Goldbook Partnership.

42. The Project provided Schwartz limited access to the Lasswell Family Home and the Lasswell Office for Project purposes.

43. The Goldbook Partnership invested time, money, and energy to ensure the success of the Project.

44. Out-of-state staff and consultants of the Goldbook Partnership took several trips to Tampa, staying (as Schwartz did initially) at a nearby hotel or nearby residence, as they were required.

45. Under no circumstances was anyone except Patricia A. Slesinger, her daughter or late-husband permitted to sleep or reside at the Lasswell Family Home.

46. When the out-of-state staff and consultants left, Schwartz was to work with local Florida staff, including an artist who had served as one of Mr. Lasswell's artistic assistants and

7

who had helped prepare the Fred Laswell Archive with Mr. Lasswell prior to Mr. Lasswell's death.

47.     Instead, Schwartz and Design Tank distanced themselves from the Goldbook Partnership's local staff and gave false progress reports.

48.     The Project, which was estimated to take a few months to complete, dragged on for years in large part because Schwartz often left the state of Florida for extended periods of time.

49.     Schwartz and Design Tank ultimately and utterly failed to complete the Project, despite receiving substantial compensation and consideration from the Goldbook Partnership.

50.     Worse, unbeknownst to Plaintiffs, Schwartz had begun sleeping at the Lasswell Family Home at some point, even though he well knew this was not permitted and that he was supposed to stay at a nearby hotel or the nearby residence.

51.     Schwartz ultimately moved in, began opening the Lasswells' mail and registered the Lasswell Family Home as his driver's license address.

52.     Schwartz's occupancy at the Lasswell Family Home was only discovered in 2013 when the Goldbook Partnership's out-of-state staff unexpectedly visited the Lasswell Family Home on another project.

53.     Subsequently, in May of 2013, Schwartz sent an e-mail to Patricia A. Slesinger, which in relevant part stated:

> *I had no idea I would be in Florida this long or would have found my own place here or made arrangements with you for making a more permanent residence here . . . I am guilty of not pressuring you for more direction because it is so nice here. However, despite what you apparently think, I'm not trying to take advantage of you.*
>
> *. . . <u>5108 W Longfellow/Rent</u> [Emphasis added]*

8

*. . . I have never felt or treated this house like it was my place . . . My clothes are still in suitcases! . . . I will leave this place like I do everywhere –better than I found it . . . Regardless, I would be more than happy to actually pay rent for – or even buy – the place. That would be something we would need to talk about, and I am open to that. [Emphasis added]*

*I have charged $100 an hour for the past 15 years… You paid me $100,000 for 2008, 2009, and 2010, then for last year you paid me $65,000 for 2011, and now this year, for 2012, your position is I'm not worth $75,000. I strongly disagree, but I'm not going to argue with you about it. You must have an amount in mind so please send that amount as soon as possible and everyone will be happy!*

*Again, Thank you for everything :)*

54.     A copy of the e-mail is attached hereto as **Exhibit "C"**, and incorporated herein by reference.

55.     Beginning in 2014, Schwartz proceeded to systematically ransack and gut the Lasswell Office and the Lasswell Family Home.

56.     Schwartz rummaged through every drawer and closet in the Lasswell Family Home, even disturbingly, the late Ms. Lasswell's underclothing drawers.

57.     Defendants were observed taking large loads of items out of the Lasswell Office under cover of night.

58.     Defendants took possession of, damaged, removed and/or stole substantial personal property belonging to or owned or controlled by Plaintiffs, including, but not limited to the Archive, those items in Paragraphs 8 and 30 above, an extensive collection of materials, ephemera, storage disks, CDs, original artwork, documents in both physical and digital media, original cartoons, other original artwork, personal effects, professional equipment, business records, computer equipment and:

> a.  The proprietary tangible, digital business, and other property belonging to the Archive including, but not limited to, original artwork, sketches, drawings, writings, photographs, music, songs, films, videos, and books, including those of some of the most influential artists and authors of the twentieth century;

9

b. The proprietary tangible, digital business, business and personal records and other property belonging to the Corporate Plaintiffs and/or their clients;

c. Business records, account information, and proprietary material including, but not limited to, access codes to digital programming and websites, bank records, account numbers, PayPal account information, customer lists, and Uncle Fred's "Draw & Color with Uncle Fred" Children's educational programs;

d. Computers and their content including internal and external media devices, storage discs and CDs;

e. Historical documents including, but not limited to, books, first editions, paintings, engravings, drawings and photographs of American Colonial History, the American West, American Theatre, the early days of American media and merchandising, Florida, New York, World War II, The Great Depression, and rural America;

f. Unpublished original paintings, pen and ink drawings, sketches, comic panels, illustrations, uncirculated children's books, golden age comic books, trading cards, autographed works and nostalgic merchandise of popular fictional characters including Tarzan, Red Ryder, Blondie, Peanuts, Hagar the Horrible and others;

g. Personal property from the Lasswell Home and Lasswell Office, including the art studio, video production room, general storage room, merchandise room and file room;

h. $5,000.00 from a PayPal account from the sale of Uncle Fred videos by Fred Lasswell, Inc.;

i. U.S. Mail directed to Plaintiffs or their agents;

j. All items from the archival storage;

k. All items from the file out coves;

l. All art books;

m. All art work, including originals;

n. All archival boxes of Fred Lasswell fan mail labeled "Uncle Fred's fans and friends;"

o. The Whiteboard;

p. Fred Lasswell's chair;

q. All items from Fred Lasswell's desk;

r. All mini-cassettes;

s. All contents from the photograph boxes stacked on the shelves; and

t. Monies from the attic/roof of the Lasswell Family Home.

Collectively all the above are referred to herein as the "Personal Property."

59. Plaintiffs own the Personal Property collectively or individually, depending on the respective item, or possessed the Personal Property, collectively or individually, depending on the respective item, on behalf of clients.

60. Schwartz has admitted he moved the Personal Property from the Lasswell Office and the Lasswell Family Home, but has repeatedly refused to say where the items were moved to, to put the Personal Property back or to otherwise return the Personal Property.

61. Upon information and belief, Defendants used the Personal Property for their own pecuniary interests, in ways never authorized by Plaintiffs; more specifically, it appears Defendants may have sold the Personal Property on the internet and through the "black market."

62. Ultimately, the Goldbook Partnership terminated any relationship with Schwartz and Design Tank.

63. Plaintiffs demanded that Schwartz vacate the Lasswell Family Home and return all the missing Personal Property.

64. Schwartz and Design Tank refused to do so, instead attempting to extort additional compensation from Plaintiffs for work not done in exchange for possession of the Lasswell Family Home and/or return of the Personal Property.

11

65.     Defendants' actions crippled Corporate Plaintiffs' ability to run their businesses, and indefinitely delayed the transfer of the Fred Lasswell Archive.

66.     Meanwhile, the Lasswell Family Home has fallen into disrepair and has been significantly damaged.

67.     Worse, Schwartz continues to brazenly refuse to vacate the Lasswell Family Home or to return any of the Lasswell family heirlooms or other Personal Property.

68.     In pleading his Counterclaim/Third Party Complaint in this action and his Complaint in Circuit Court Case (Case Number 16-CA-011624), Schwartz alleges a right to occupy the Lasswell Family Home pursuant to an alleged tenancy that was incidental to alleged employment.

69.     According to Schwartz's pleadings and the judicial findings in the Order of Transfer to Circuit Court entered by the Honorable Herbert Berkowitz on April 24, 2014, ("Order"), Schwartz's purported employment was terminated on or about January 8, 2014.

70.     The Order further provided the Court would "have to determine whether Defendant was provided occupancy without rent as an incident of employment. If it is determined that such is the Defendant's status, then, once employment is terminated, the landlord is entitled to rent from the day after employment ceases until the dwelling unit is vacated, and that such rent shall be at a rate equivalent to the rate charged for similarly situated residences in the area."

71.     The Order also stated that, alternatively, the Court "…must determine whether Defendant was unlawfully detaining the property after having first gained occupancy with permission of the owner."

72.     Schwartz has never offered rental payments to Plaintiffs.

12

73.     Personal Representative and the Goldbook Partnership have continued to request that Schwartz vacate possession of the Lasswell Family Home.

74.     For example, on or about January 23, 2014, Schwartz was served with a written Notice to Quit the Lasswell Family Home.

75.     Said Notice is attached hereto as **Exhibit "D."**[1]

76.     Schwartz has continued to fail or refuse to vacate.

77.     For good and valuable consideration, the sufficiency of which was acknowledged, the Goldbook Partnership Plaintiffs assigned any all rights, remedies and defenses pertaining to Schwartz's alleged tenancy (this expressly excludes issues related to the Personal Property), including all rent-related issues, to Personal Representative.

78.     Schwartz's possession of the Lasswell Family Home has damaged the Estate and Personal Representative.

79.     The Estate and Personal Representative's damages include, without limitation: (a) loss of rental income; (b) loss of use and enjoyment of the Lasswell Family Home; (c) loss of collateral value of the Lasswell Family Home or equity therein; (d) loss of potential profit from sale of Lasswell Family Home; and (e) physical damage and deterioration of the Lasswell Family Home, as well as its pool and landscaping.

80.     Plaintiffs required the services of undersigned counsel and of predecessor counsel in this matter, and have been and continue to be obligated to pay reasonable fees for services rendered.

81.     All conditions precedent to this action have been satisfied or waived.

---

[1] On or about February 24, 2017, Schwartz was also served with a written notice of termination of the alleged tenancy, requiring him to vacate the Lasswell Family Home by no later than March 31, 2017, pursuant to Section 83.57, Florida Statutes. A copy of that Notice is attached hereto as **Exhibit "E"** and incorporated herein by reference.

13

## COUNT I: EVICTION
### (Schwartz)

82.     Personal Representative re-alleges paragraphs 1 through 81 as if fully set forth herein.

83.     This is an action by Personal Representative against Schwartz for possession of residential real property located in Hillsborough County, Florida.

84.     Schwartz was terminated no later than January 8, 2014.

85.     No wages were payable to the Defendants during any time relevant to this action.

86.     Based upon the termination of Schwartz's alleged employment, and pursuant to the provisions of Section 83.46(3), Florida Statutes, Schwartz was required to pay rent beginning January 9, 2014, the day after said termination, at a rental rate equivalent to the rate charged for similarly situated residences in the area.

87.     According to real estate experts, the rental rate equivalent to the rate charged for similarly situated residences in the area of the Lasswell Family Home is no less than $2,500.00 per month.

88.     On or about February 16, 2017, a certified process server served a 3-day notice on Schwartz for nonpayment of rent in the sum of $93,194.13 (for rent from January 9, 2014 through February 15, 2017).

89.     A true and correct copy of the 3-day notice is attached as **Exhibit "F."**

90.     Schwartz has failed to pay any sums for rent or to vacate the Lasswell Family Home.

91.     As of February 16, 2017, Schwartz owes the sum of $93,194.13 for the rent and use of the Lasswell Family Home.

92.     Rent is accruing.

14

93.     Section 83.48, Florida Statutes provides for Personal Representative's recovery of attorney's fees, costs and expenses pertaining to this dispute.

94.     Personal Representative is entitled to summary procedure pursuant to Section 51.011, Florida Statutes.

95.     The Estate and Personal Representative have been damaged by Schwartz's failure to pay rent as required by Section 83.46(3), Florida Statutes or vacate the Lasswell Family Home.

**WHEREFORE**, Plaintiff, Personal Representative, demands judgment against Defendant, Timothy Schwartz, for possession, attorney's fees, expenses and court costs, and for all other relief to which the Estate is entitled at law or in equity.

<u>**COUNT II: UNLAWFUL DETAINER**</u>
**(Schwartz and Unknown Defendants)**

96.     Personal Representative re-alleges paragraphs 1 through 81 as if fully set forth herein.

97.     This is an action by Personal Representative against Schwartz and Unknown Defendants to recover possession of real property unlawfully detained in Hillsborough County, Florida, pursuant to Chapter 82, Florida Statutes, and is pled in the alternative to Count I.

98.     Personal Representative is the party entitled to possession of the Lasswell Family Home.

99.     Schwartz and Unknown Defendants do not hold any title to or any estate in the Lasswell Family Home; do not occupy the Lasswell Family Home under any rental agreement, whether written or verbal, as defined in Part II of Chapter 83, Florida Statute, and are therefore not residential tenants.

15

100. Schwartz and Unknown Defendants do not otherwise possess any vested right to possession or occupancy of the Lasswell Family Home.

101. Nevertheless, Schwartz and Unknown Defendant are currently in possession of the Lasswell Family Home.

102. Personal Representative demanded that Schwartz vacate the Lasswell Family Home multiple times.

103. Schwartz and Unknown Defendants have failed or refused to vacate, and continue in possession of the dwelling.

104. Schwartz and Unknown Defendants unlawfully turned Personal Representative out of the Lasswell Family Home and deprived Personal Representative of possession of the Lasswell Family Home by their unlawful entry, against Personal Representative's consent.

105. The Estate and Personal Representative have been damaged by Schwartz's and Unknown Defendants' unlawful detainer and possession of the Lasswell Family Home, including by loss of use and enjoyment of the unlawfully detained Property.

106. Pursuant to Section 82.03, Florida Statutes, Personal Representative is entitled to summary procedure as set forth in Section 51.011, Florida Statutes.

**WHEREFORE**, Plaintiff, Personal Representative, respectfully requests that this Court: find Timothy Schwartz and Unknown Defendants wrongfully hold possession of the Property; grant final judgment in favor of the Estate and against Schwartz and Unknown Defendants; issue a writ of possession in favor of the Estate to the exclusion of Schwartz and Unknown Defendants; award the Estate the costs of this action, in accordance with Section 82.091, Florida Statutes; and grant to the Estate such other relief as the Court deems just and proper.

16

## COUNT III: FORCIBLE ENTRY
### (Schwartz and Unknown Defendants)

107.  Personal Representative re-alleges paragraphs 1 through 81 as if fully set forth herein.

108.  This is an action by Personal Representative against Schwartz and Unknown Defendants to recover possession of real property forcibly entered in Hillsborough County, Florida, pursuant to Chapter 82, Florida Statutes, and is pled in the alternative to Counts I and II.

109.  Personal Representative is the party entitled to possession of the Lasswell Family Home.

110.  Schwartz and Unknown Defendants do not hold any title to or any estate in the Lasswell Family Home; do not occupy the Lasswell Family Home under any rental agreement, whether written or verbal, as defined in Part II of Chapter 83, Florida Statute, and are therefore not residential tenants.

111.  Schwartz and Unknown Defendants do not otherwise possess any vested right to possession or occupancy of the Lasswell Family Home.

112.  Nevertheless, Schwartz and Unknown Defendants are currently in possession of the Lasswell Family Home.

113.  At some point after his limited access to the Lasswell Family Home for Project-related purposes was terminated, Schwartz and Unknown Defendants forcibly entered the Lasswell Family Home.

114.  Personal Representative demanded that Schwartz vacate the Lasswell Family Home multiple times subsequently.

115.  Schwartz and Unknown Defendants have failed or refused to vacate, and continue in possession of the dwelling.

17

116. Schwartz and Unknown Defendants forcibly turned Personal Representative out of the Lasswell Family Home and deprived Personal Representative of possession of the Lasswell Family Home by their forcible entry, against Personal Representative's consent.

117. The Estate and Personal Representative have been damaged by Schwartz's and Unknown Defendants' forcibly entry and possession of the Lasswell Family Home, including by loss of use and enjoyment of the unlawfully detained Property.

118. Pursuant to Section 82.03, Florida Statutes, Personal Representative is entitled to summary procedure as set forth in Section 51.011, Florida Statutes.

**WHEREFORE**, Plaintiff, Personal Representative, respectfully requests that this Court: find that Defendant, Timothy Schwartz and Unknown Defendants, wrongfully hold possession of the Property; grant final judgment in favor of the Estate and against Schwartz and Unknown Defendants; issue a writ of possession in favor of the Estate to the exclusion of Schwartz and Unknown Defendants; award to the Estate the costs of this action, in accordance with Section 82.091, Florida Statutes; and grant to the Estate such other relief as the Court deems just and proper.

## COUNT IV: EJECTMENT
### (Schwartz)

119. Personal Representative re-alleges paragraphs 1 through 81 as if fully set forth herein.

120. This is an action for ejectment by Personal Representative against Schwartz, pursuant to Chapter 66, Florida Statutes, to recover possession of real property in Hillsborough County, Florida.

121. Schwartz is not entitled to possession of the Lasswell Family Home and Personal Representative has a present right to possession.

18

122.     Nonetheless, Schwartz retains possession of the Lasswell Family Home without the permission of Personal Representative.

123.     Upon information and belief, Schwartz believes he has an ownership interest in the Lasswell Family Home.

124.     The Estate claims title to Lasswell Family Home as shown, amongst other things, by the chain of title set forth above, and by that Warranty Deed attached hereto as Exhibit "A."

125.     Despite the demand and request of Personal Representative for possession, Schwartz remains in possession of the Lasswell Family Home, to the exclusion of the Estate's sole and exclusive possession, and Schwartz is depriving the Estate the benefit of ownership, including without limitation, to the Estate's exclusive possession, use, and enjoyment of the Lasswell Family Home.

126.     Schwartz refuses to deliver possession of the Lasswell Family Home to the Estate or pay the profits from it.

127.     Schwartz has no right, title, or interest in the Lasswell Family Home.

128.     Any claim that Schwartz may have to the Lasswell Family Home is inferior, junior, and subject to the right, title, and interest of the Estate, who claims title thereto on behalf of the Estate of Shirley S. Lasswell.

**WHEREFORE**, Plaintiff, Personal Representative, respectfully requests that this Court enter a judgment in favor of the Estate and against Defendant Timothy Schwartz, holding that the Estate shall recover possession of the Lasswell Family Home, awarding damages and costs, and awarding such further relief that the Court deems just and proper.

19

## COUNT V: TRESPASS
### (Schwartz and Unknown Defendants)

129.    Personal Representative re-alleges paragraphs 1 through 81 as if fully set forth herein.

130.    This is an action for trespass to real property located in Hillsborough County, Florida by Personal Representative against Schwartz and Unknown Defendants.

131.    Schwartz and Unknown Defendants willfully remain in possession of the Lasswell Family Home without the permission, authorization license, or invitation of Personal Representative.

132.    Shirley S. Lasswell or the Estate of Shirley S. Lasswell is the lawful owner of the Lasswell Family Home.

133.    Schwartz has indicated that he plans to continue occupying the Lasswell Family Home.

134.    Schwartz and Unknown Defendants have acted with malice or conscious disregard to the rights of possession of the Estate.

135.    The Estate and Personal Representative have been damaged by Schwartz's actions.

136.    Personal Representative is entitled to injunctive relief as there exists a continuing trespass.

**WHEREFORE**, the Plaintiff, Personal Representative, respectfully requests that this Court enter its judgment in favor of the Estate and against the Defendants, Timothy Schwartz and Unknown Defendants, awarding the Estate possession of the Lasswell Family Home, and further awarding the Estate damages and costs, injunctive relief, and any further relief that this Court deems just and proper.

20

## COUNT VI: DAMAGES
### (All Defendants)

137.     Plaintiffs re-alleges paragraphs 1 through 81 as if fully set forth herein.

138.     This is an action for damages by all Plaintiffs against all Defendants.

139.     Defendants are liable for damages, including but not limited to: physical damage to the Lasswell Family Home, including repair costs, loss of rental income, loss of use and enjoyment of the Lasswell Family Home, loss of collateral value of the Lasswell Family Home, loss of potential profit from sale of Lasswell Family Home, and damages pertaining to the Personal Property that was damaged, removed and/or stolen.

140.     Defendants are also liable for damages for crippling Corporate Plaintiffs' ability to run their businesses.

141.     In addition, under Sections 83.46(3) and 83.625, Fla. Stat., Schwartz is liable for past due rent no less than the amount of $93,194.13, which amount continues to accrue.

**WHEREFORE**, Plaintiffs request judgment against Defendants for damages, court costs reasonable attorney's fees, as authorized by Section 83.48, Fla. Stat., interest including pre-judgment interest, and any further relief deemed just and proper.

## COUNT VII:  CONVERSION
### (All Defendants)

142.     Plaintiffs re-allege paragraphs 1 through 81 as if fully set forth herein.

143.     This is an action by all Plaintiffs against all Defendants for conversion.

144.     Without Plaintiffs' knowledge or consent, Defendants exercised wrongful dominion or control over the Personal Property, or caused others to do so.

145.     Defendants converted the Personal Property to their own use.

21

146. Plaintiffs demanded the return of the Personal Property and the demand was not met.

147. The wrongful dominion or control of the Personal Property was detrimental to Plaintiffs, and Defendants are liable to Plaintiffs for the value of the items removed.

148. Defendants' conduct equates to conversion and was done with the intent to appropriate the Personal Property to their own use or to the use of a person not entitled thereto.

**WHEREFORE**, Plaintiffs request this Court to enter a judgment against Defendants for damages and an injunction requiring Defendants to return the Personal Property, and for attorneys' fees and costs of this action, interest including pre-judgment interest, and other relief this Court deems appropriate.

## COUNT VIII: INJUNCTION
### (All Defendants)

149. Plaintiffs re-alleges paragraphs 1 through 81 as if fully set forth herein.

150. This is an action by all Plaintiffs against all Defendants for temporary and permanent injunctive relief.

151. By removing the Personal Property, Defendants violated clear legal rights of Plaintiffs.

152. Plaintiffs will be permanently and irreparably damaged if Defendants are not enjoined from such further acts.

153. Defendants should also be ordered to return the Personal Property.

154. Plaintiffs have no adequate remedy at law.

155. Defendants have no claim of ownership, possessory or other rights to the Personal Property.

156.    The harm suffered by Plaintiffs in the absence of an injunction would exceed the harm suffered by the Defendants if the injunction issued.

157.    Plaintiffs have a substantial likelihood of success on the merits of this action and actual success on the merits.

158.    Entry of an injunction will serve the public interest.

159.    Plaintiffs have a clear right to the relief sought.

WHEREFORE Plaintiffs demand the entry of a temporary and permanent, prohibitive and mandatory injunctions against Defendants, and such other relief as the Court deems just and proper.

## COUNT IX – FRAUD
### (Schwartz and Design Tank)

160.    The Goldbook Partnership Plaintiffs re-allege Paragraphs 1-81 as if fully set forth herein.

161.    This is an action for fraud by Goldbook Partnership against Schwartz and Design Tank.

162.    The actions and statements of Schwartz and Design Tank, including without limitation, their misrepresentations regarding Project-related efforts and progress, defrauded the Goldbook Partnership.

163.    These statements and actions concern material facts.

164.    Schwartz and Design Tank knew or should have known that the statements were false and that Schwartz and Design Tank's related actions were fraudulent.

165.    Schwartz and Design Tank's intent in making the false statements and carrying out the related actions was that the statements and actions would induce the Goldbook

23

Partnership to act thereon, including by paying Schwartz and Design Tank compensation and consideration.

166.     The Goldbook Partnership relied on the false statements and related actions and in doing so were injured and suffered damages.

**WHEREFORE**, the Goldbook Partnership Plaintiffs respectfully request that this Court enter judgment against Schwartz and Design Tank for damages, interest including pre-judgment interest, and any further relief that the Court deems just and proper.

### COUNT X: BREACH OF CONTRACT
**(Schwartz and Design Tank)**

167.     The Goldbook Partnership Plaintiffs re-alleges Paragraphs 1-81 as if fully set forth herein.

168.     This is an action for breach of contract by the Goldbook Partnership against Schwartz and Design Tank.

169.     The verbal agreement between Goldbook Partnership and Schwartz and Design Tank involving the Project was a valid and enforceable contract.

170.     By the actions set forth herein, Schwartz and Design Tank materially breached said agreement.

171.     In addition, Schwartz and Design Tank breached their duty of good faith and fair dealing, including in their performance of Project-related activities.

172.     The Goldbook Partnership suffered damages as a result of Schwartz and Design Tank's breaches, including the compensation and consideration they paid said Defendants.

**WHEREFORE**, the Goldbook Partnership Plaintiffs respectfully request that this Court enter judgment against Schwartz and Design Tank for damages, interest including pre-judgment interest, and for any further relief that the Court deems just and proper.

24

### **COUNT XI: UNJUST ENRICHMENT**
#### **(Schwartz and Design Tank)**

173.    The Goldbook Partnership Plaintiffs re-allege Paragraphs 1-81 as if fully set forth herein.

174.    This is an action for unjust enrichment by the Goldbook Partnership against Schwartz and Design Tank, and is pled in the alternative to Count XI.

175.    The Goldbook Partnership paid compensation and consideration to Schwartz and Design Tank based on Schwartz and Design Tank's misrepresentations regarding Project-related efforts and progress.

176.    As such, the Goldbook Partnership conferred a benefit upon Schwartz and Design Tank, to which said Defendants were not entitled.

177.    Schwartz and Design Tank acknowledged, appreciated, accepted, and retained the benefit conferred.

178.    As a result, Schwartz and Design Tank are unjustly enriched at the expense of the Corporate Plaintiffs.

179.    Schwartz and Design Tank's retention of the payments and consideration under the circumstances described herein would be inequitable.

180.    The Goldbook Partnership Plaintiffs are entitled to damages as a result of Schwartz and Design Tank's unjust enrichment, including the disgorgement of any compensation and consideration Defendants received and/or unlawfully retained.

181.    The Goldbook Partnership unsuccessfully demanded a remedy from Schwartz and Design Tank and have no other adequate remedy at law.

  **WHEREFORE**, Goldbook Partnership Plaintiffs respectfully request that this Court enter judgment against Schwartz and Design Tank, for damages, interest including pre-judgment interest, and for any further relief that the Court deems just and proper.

  Dated this 1st day of March, 2017.

            LIESER SKAFF ALEXANDER, PLLC
            *Attorneys for Plaintiffs*
            403 North Howard Avenue
            Tampa, FL 33606
            (813) 280-1256
            (813) 251-8715 (fax)
            jeff@lieserskaff.com

            By: /s/ Jeffrey P. Lieser_____
              Jeffrey P. Lieser
              FLA. BAR NO. 29164

THIS IS NOT A
CERTIFIED COPY

REC 1599 PC 902

411396

RECEIVED
APR 11 10 27 AM '66
CLERK CIRCUIT COURT

THIS INDENTURE, Made this 8th day of April 1966,
by and between John L. Liner and Nina F. Liner,

his wife,

of the County of    Hillsborough , in the State of Florida

part ies of the first part, and    Fred D. Lasswell, Jr.,
and Shirley A. Lasswell, his wife,

whose post office address is:    5108 Longfellow, Tampa
of the County of      Hillsborough, in the State of Florida
part ies of the second part,

WITNESSETH: That the said part ies of the first part, for and in consideration of the
sum of    TEN AND NO/100 – – – – – – – – – – – – – – – – Dollars,
and other valuable considerations, lawful money of the United States of America, to    them
in hand paid by the said part ies of the second part, the receipt whereof is hereby acknowledged,
ha ve granted, bargained, sold and conveyed to the said parties of the second part,
their        heirs and assigns forever, all of the following described land in Hillsborough
County, Florida, to-wit:

Lot 6 of SUNSET PARK ISLES UNIT #1, as per map

or plat thereof recorded in Plat Book 31 on

Page 2 of the Public Records of Hillsborough

County, Florida.

STATE OF FLORIDA    STATE OF FLORIDA
DOCUMENTARY STAMP TAX    DOCUMENTARY STAMP TAX
9000    24800

TO HAVE AND TO HOLD the above described premises, with the appurtenances, unto the
said part ies of the second part,      their      heirs and assigns, in fee simple forever.

And the said parties of the first part do    hereby covenant with the said parties of
the second part that said described property is free from all liens and encumbrances except
Taxes for 1966 and subsequent years, Restrictive covenants and
conditions appearing of record.

And the said part ies of the first part do      hereby fully warrant the title to said land,
and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF, the said part ies of the first part ha ve executed this deed
under seal on the date aforesaid.

Signed, sealed and delivered
in the presence of

_John L. Liner_ (SEAL)

_Nina F. Liner_ (SEAL)

EXHIBIT A

THIS IS NOT A CERTIFIED COPY

REC. 1599 PG 903

STATE OF FLORIDA }
COUNTY OF HILLSBOROUGH }

    I HEREBY CERTIFY, That on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared

John L. Liner and Nina F. Liner, his wife,

to me known to be the person s described in and who executed the foregoing instrument, and they     acknowledged before me that they executed the same as their free act and deed for the uses and purposes therein stated.

    WITNESS my hand and official seal in the County and State last aforesaid this 8th day of   April     A. D. 19 66

Notary Public, State of Florida at Large

My Commission Expires: April 30, 1969

---

Please mail to:
Fred D. Lasswell,
205 West Brorein St.
Tampa, Florida

$1.25
pd.

# Warranty Deed

John L. Liner, et ux

TO

Fred D. Lasswell, et ux

IN THE CIRCUIT COURT FOR HILLSBOROUGH
COUNTY, FLORIDA          PROBATE DIVISION

IN RE: ESTATE OF               File No.: 17-CP-000335

                               Division:

SHIRLEY S. LASSWELL

          Deceased.

## LETTERS OF AMINISTRATION
### (single personal representative)

TO ALL WHOM IT MAY CONCERN

   WHEREAS Shirley S. Lasswell a/k/a Shirley Ann Slesinger-Lasswell, a resident of HILLSBOROUGH COUNTY, FLORIDA died on July 19, 2007, owning assets in the State of Florida and

   WHEREAS, Patricia A. Slesinger has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

   NOW, THEREFORE, I the undersigned circuit judge, declare Patricia A. Slesinger duly qualified under the laws of the State of Florida to act as personal representative of the estate of Shirley S. Lasswell, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

          ORDERED ON _____, 2017.

                                   Electronically Conformed 2/13/2017
                                   _____
                                         Circuit Judge

# EXHIBIT B

IN THE CIRCUIT COURT FOR HILLSBOROUGH
COUNTY, FLORIDA

PROBATE DIVISION

IN RE: ESTATE OF

File No.: 17-CP-000335

Division _____

SHIRLEY S. LASSWELL

Deceased.

## ORDER ADMITTING WILL TO PROBATE
## AND APPOINTING PERSONAL REPRESENTATIVE

### (self-proved - single)

The instrument presented to this court as the last will of Shirley S. Lasswell a/k/a Shirley Ann
Slesinger-Lasswell, deceased, having been executed in conformity with law, and made self-
proved by the acknowledgment of the decedent and the affidavits of the witnesses, made before
an officer authorized to administer oaths and evidenced by the officer's certificate attached to or
following the will in the form required by law, and no objection having been made to its probate,
and the court finding that the decent died on July 19, 2007, and that Patricia A. Slesinger is
entitled and qualified to be personal representative, it is

ADJUDGED that the will dated February 22, 2000, and attested by E. Jackson Boggs and
Patricia Senner as subscribing and attesting witnesses, is admitted to probate according to the
law as and for the last will of the decedent, and it is further.

ADJUDGED that Patricia A. Slesinger is appointed personal representative of the estate of
the decedent, and that upon taking the prescribed oath, filing designation and acceptance of
resident agent, and entering into a bond in the sum of $ _0.00_____, Letters of
Administration shall be issued.

ORDERED in Chambers on _____, 2017.

Electronically Conformed 2/13/2017
_____
Circuit Judge

-----Original Message-----
From: Timothy Schwartz <tschwartz@designtank.com>
To: Pati Slesinger <telecomics@aol.com>
Sent: Sat, May 11, 2013 6:32 am
Subject: VIP PATI


Pati-


This all makes my stomach ache intensely so I have to resolve it in a different way. You think I am ungrateful and mad about money and that's NOT what is on my mind. Please read this and then call me or respond in some way. They are just points that I want to make and it was easier for me to organize what I want to make sure you understand by writing it all down and it would be weird if I called you and just read them.


Gratitude
Of course I am very grateful, Sharon, for every opportunity you have provided. You KNOW that! And no matter what happens we will come out of this as friends because I am not your enemy, and I don't want to be! My reaction to your response to my invoice is due to the negative and false implications I think are being made about me — NOT because I am ungrateful. If I haven't expressed it enough — Thank you!!

I don't like — and am very offended by — the doubt that has been cast over me. I don't want anyone to be upset with and angry at me for any reason. I have NO interest in fighting about ANYTHING - especially money! I hate even talking about money!!! Blech!! I don't want anything that's not mine, and I NEVER want to be where I'm not wanted. We aren't going to battle.


Florida and 2013
I had no idea I would be in Florida this long or I would have found my own place here or made arrangements with you for making a more permanent residence here. If you remember, WE were BOTH on our way here where I was intending to and preparing for moving the offices. That 2-month project has just stretched until now because you went to New York and I don't know what's going on anymore and it has been easy to just let time pass. I am guilty of not pressuring you for more direction because it is so nice here. However, despite what you apparently think, I'm not trying to take advantage of you.


You haven't given me anything to do so far this year. I've just been doing little things like organizing the comic books and scanning things. So it IS time for me to do something because I really can't bill you for anything so far in 2013 but I still have expenses and there is no reason for me to be here if I am not working for you.


**EXHIBIT C**

5108 W Longfellow/Rent
Any belief that I am living in the "lap of luxury" is unfounded. I have never felt or treated this house like it was my place. After I packed, organized and cleaned the house and carpets, I covered the furniture with plastic and put paper on the floors. My clothes are still in suitcases! I use a bed, a bathroom, the kitchen, laundry and the Florida room. The rest of the house is covered because it is not being used and so I don't have to keep cleaning everything. I will leave this place like I do everywhere — better than I found it.
The only cost my being here could add is a small amount of electricity for cooking, lights, etc. and water for laundry, bathing and cooking.
The main expenses are the pool for both water and electricity and the air-conditioning — all of which occur whether I am here or not.
Regardless, I would be more than happy to actually pay rent for - or even buy - the place. That would be something we would need to talk about, and I am open to that.


Money
I have charged $100 an hour for the past 15 years. That has never changed (though its value has certainly gone down.) I'm charging you for 1000 hours (125 eight-hour days or 25 forty-hour weeks) which is roughly half-time though I always work more than full-time. You paid me $100,000 for 2008, 2009 and 2010, then for last year you paid me $65,000 for 2011, and now this year, for 2012, your position is I'm not worth $75,000. I strongly disagree, but I'm not going to argue with you about it. You must have an amount in mind so please send that amount as soon as possible and everyone will be happy!


Roof!!
The roof has got to be fixed now, immediately, ASAP!! It has started to cave in the front and will not make it another rainy season. I will not leave until I get that done but I need you to help. I will get a couple estimates but you have got to work with me. When I got estimates a couple years ago you just dismissed them all for I don't know why but you always have a million reasons to not do something. You might not even want me to mess with it at all but let me know because you still need to do something right away!! I'll take some pictures later.


Future
I am embarrassed about and apologize for my rude response, but I felt you were attacking my character. Of course I will do whatever you need in the future. Please don't hesitate to call me in the future for anything. But do call me right away, especially about the roof.


Again, Thank you for everything :)


Tim

## NOTICE TO QUIT

TO: Tim Schwartz
5108 W. Longfellow Avenue
Tampa, FL 33629

Demand is hereby made that you quit the premises within three (3) days. You are further notified that if you fail to quit, legal proceedings will be instituted against you to recover possession of said premises: 5108 W. Longfellow Avenue, Tampa, FL 33629.

Dated this _22_ day of January, 2014

Signed _Keith D. Skree_
Owner or owner's representative

----

## AFFIDAVIT OF SERVICE

State of Florida County of Hillsborough,

I, _Brunson Smith_, declare under penalty of perjury that I served the above notice on the tenant named above on the _23rd_ day of _January_, 2014 @ 8:30 Am in the following manner:

☐ By handing of a copy thereof to the above named tenant.
☐ By delivering of a copy thereof to _____, a person above the age of 18 residing at the above premises.
☑ By posting a copy thereof in a conspicuous place on the above premises, no one being in actual possession thereof.
☐ By sending a copy thereof by certified mail to the tenant at his place of residence.

State of Florida, Hillsborough County ss:

Subscribed and sworn to before me this _23rd_ day of _January_, 2014

Notary Public

_Cythia Ortiz_
Notary Seal

CYNTHIA ORTIZ
MY COMMISSION # EE833165
EXPIRES September 06, 2016
FloridaNotaryService.com

# EXHIBIT D

<u>**NOTICE OF TERMINATION OF TENANCY**</u>

**February 24, 2017**

*Via Certified Hand Delivery or Posting and*
*U.S. Mail: Receipt #7014-3490-0000-4744-6405*
Mr. Timothy Schwartz
5108 W. Longfellow Avenue
Tampa, Florida 33629

You are hereby notified that your alleged tenancy at 5108 W. Longfellow Avenue, Tampa, Hillsborough County, Florida 33629 ("Premises") is being terminated effective March 31, 2017, and that you are to vacate the Premises, on or before, March 31, 2017.

This notice is sent pursuant to Florida Statute 83.57.

This notice does not constitute a waiver of any other rights or remedies, or under any notices that have been/will be served upon you.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Patricia A. Slesinger, as the Personal Representative of the Estate of Shirley S. Lasswell
403 N. Howard Avenue
Tampa, FL 33606
813-280-1256

cc: Allison M. Cuenca, Esquire

**EXHIBIT E**

# VERIFIED RETURN OF SERVICE

Job # 9988610

**Client Info:**

JEFFREY P. LIESER, ESQ.
403 N. HOWARD AVE.
Tampa, FL 33606

**Case Info:**

| | |
|---|---|
| **PLAINTIFF:** | CIRCUIT |
| THE ESTATE OF SHIRLEY S. LASSWELL | |
| -versus- | |
| **DEFENDANT:** | Court Case # _____ |
| MR. TIMOTHY SCHWARTZ | |

**Service Info:**

**Date Received: 2/24/2017** at **04:00 PM**
**Service:** I Served **MR. TIMOTHY SCHWARTZ**
With: **NOTICE OF TERMINATION OF TENANCY**

**At Residence 5108 W. LONGFELLOW AVE. TAMPA, FL 33629**
On **2/24/2017** at **07:10 PM**
**Manner of Service: POSTED SERVICE**
Posted Service was performed after diligent search and two (2) attempts to serve, at least six (6) hours apart, a copy of this process and a copy of the complaint or petition was attached in a conspicuous place on the property herewith. The above named tenant could not be found at the above address, being the tenant's usual place of abode **5108 W. LONGFELLOW AVE. Tampa, FL 33629** THIS PROCESS WAS POSTED ON **2/24/2017 AT 07:10 PM**

I **DANNY OTERO** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true. FS.92.525(2).

Signature of Server: _Danny Otero_
**DANNY OTERO**

**DARBY'S PROCESS SERVICES, INC.**
1533 W. PARK LANE
Tampa, FL 33603
Our Job # **9988610**

1 of 1



## THREE DAY NOTICE

Date:     February 16, 2017

To:       Timothy Schwartz
          5108 W. Longfellow Avenue
          Tampa, Florida 33629

You are hereby notified that you are indebted to Patricia A. Slesinger, as the Personal Representative of the Estate of Shirley S. Lasswell ("Landlord"), in the sum of $93,194.13 dollars for the rent and use of the premises at 5108 W. Longfellow Avenue, Tampa, Hillsborough County, 33629, Florida, now occupied by you and that Landlord demands payment of the rent or possession of the premises within 3 days (excluding Saturday, Sunday, and legal holidays) from the date of delivery of this notice, to wit: on or before the 21st day of February, 2017.

Payment should be made to Patricia A. Slesinger, as the Personal Representative of the Estate of Shirley S. Lasswell, and delivered to:

Patricia A. Slesinger, as the Personal Representative of the Estate of Shirley S. Lasswell
403 N. Howard Avenue
Tampa, FL 33606
813-280-1256

## CERTIFICATE OF SERVICE

**EXHIBIT F**

I certify that, on the date and time indicated below:

_____ A true copy of this notice was personally delivered to the above named tenant.

___✓___ The above named tenant was absent from the premises, so a true copy of this notice was delivered by posting at the premises.

| | | |
|---|---|---|
| _2-16-17_ | _7:25_ | _CARLOS DAMICI_ |
| Date | Time (AM/PM) | Name (printed) |

Case # **Three Day Notice**

Landlord : **Patricia A. Slesinger, as Personal Representative of the Estate of Shirley S. Lasswell**

Tenant : **Timothy Schwartz**

For : **Patricia A. Slesinger, as the Personal Representative of the Estate of Shirley S. Lasswell**

I, **Carlos Damico**, received this 3-Day Notice on DATE **2-16-17** and to be served on **Timothy Schwartz**

At **5108 W. Longfellow Ave. Tampa, Fl. 33629**
On DATE **2-16-17**          Time **7:25pm**
Explaining said documents in accordance with state statutes in the manner marked below:

☐ **INDIVIDUAL SERVICE:** By delivering the within named person a true copy of the above document(s)

☐ **SUBSTITUTE SERVICE:** By leaving a true copy of the above document(s) with the date and hour of service endorsed thereon by me, at the subjects usual place of abode on a person residing therein, to wit,

_____ as _____

who is 15 years of age or older and informing the person of the contents.

☒ **POSTED:** Posting at the Premises in the Absence of the Resident.

_____

☐ **AUTHORIZED SERVICE:** Delivered a true copy of the above named document(s) to

_____ as _____

as a professional courtesy, who stated that they were authorized to accept for the within named person in their absence.

☐**NON-SERVICE:** For the reason detailed in the comments below

**MILITARY STATUS:** To my best knowledge, information and belief, the said defendant at the time of service was not engaged to the military service of the United States.

**COMMENTS:**

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_____
**CARLOS DAMICO**
**CERTIFIED PROCESS SERVER #08-553619**
**Appointed in accordance with State Statutes**

# EXHIBIT 2

 Case Information

---

Uniform Case Number: 292014CA004950A001HC

ESTATE OF SHIRLEY LASSWELL vs SCHWARTZ, TIMOTHY

---

Icon Keys     Summary     Parties     Events\Documents     Hearings     Financial

File Location

Filter Events Dates:

From

To

Filter

Show **500** ▼ entries     Column visibility     Excel     CSV                Search:

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|--------|---------------|---------------------|------------------|---------|-------|
| . | 18 | 08/22/2018 | REQUEST FOR PRODUCTION | FIFTH - OF DOCS |  |
| . | 17 | 06/17/2018 | ORDER | ON PLTF'S MOTION TO DETERMINE RENTAL AMOUNT OWED BY THE DEFT — 06/17/18 DMM | . |
| | 16 | 06/08/2018 | NOTICE OF NON-AVAILABILITY | | . |
| . | 15 | 06/07/2018 | ORDER ON - TO - FOR | PLTF'S MOTION TO DETERMINE RENTAL AMOUNTS OWED BY THE DEFT — 06/07/18 DMM | . |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|---|---|---|---|---|---|
| . | 14 | 06/01/2018 | MOTION FOR ENLARGEMENT OF TIME | FOR THE COURT TO ENTER THE ORDER ON PLTFS MOTION TO DISBURSE RENTAL AMOUNTS OWED BY THE DEFT AND NOTICE OF INTENT TO VACATE THE PROPERTY |  |
| . | 12 | 05/23/2018 | AMENDED MOTION TO - FOR | CONTINUANCE OF HEARING SET FOR MAY 25, 2018 AND MOTION TO COMPEL MEDIATION PREVIOUSLY ORDERED BY THE COURT TO BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE ORDER DATED MAY 21, 2017 AND TO COMPEL THE... |  |
| . | 13 | 05/23/2018 | AMENDED NOTICE OF HEARING | SECOND; AMENDED MOTION FOR CONTINUANCE OF HEARING SET FOR MAY 25, 2018 AND MOTION TO COMPEL MEDIATION PREVIOUSLY ORDERED BY THE COURT TO BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE ORDER DATED... | . |
| . | 11 | 05/22/2018 | RESPONSE | TO MOTION FOR CONTINUANCE OF HEARING SET FOR MAY 25, 2018 AND MOTION TO COMPEL MEDIATION PREVIOUSLY ORDERED BY THE COURT TO BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE ORDER DATED MAY 21, 2017 | . |
| . | 10 | 05/21/2018 | RESPONSE TO REQUEST FOR PRODUCTION | (FOURTH) / OF DOCUMENTS TO DEFENDANT TIMOTHY SCHWARTZ |  |
| . | 8 | 05/17/2018 | NOTICE OF HEARING | MOTION FOR CONTINUANCE OF HEARING AND MOTION TO COMPEL MEDIATION PREVIOUSLY ORDERED BY THE COURT TO BE SCHEDULED WITHIN SIXTY DAYS OF THE ORDER | . |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|--------|----------------|---------------------|-------------------|---------|-------|
| . | 9 | 05/17/2018 | AMENDED NOTICE OF HEARING | DEF MOTION FOR CONTINUANCE OF HEARING SET FOR MAY 25, 2018, AND MOTION TO COMPEL MEDIATION PREVIOUSLY ORDERED BY THE COURT TO BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE ORDER DATED MAY 21, 2017... | |
| . | 6 | 05/16/2018 | MOTION FOR CONTINUANCE | OF HEARING SET FOR MAY 25, 2018 AND MOTION TO COMPEL MEDIATION PREVIOUSLY ORDERED BY THE COURT TO BE SCHEDULED WITHIN SIXTY (60) DAYS OF THE ORDER DATED MAY 21, 2017 | |
| . | 7 | 05/16/2018 | MOTION TO COMPEL | DEPOSITION APPEARANCE | |
| | 4 | 04/20/2018 | RESPONSE TO REQUEST FOR PRODUCTION | FOURTH | |
| | 5 | 04/20/2018 | REQUEST FOR PRODUCTION | | . |
| | 3 | 03/27/2018 | NOTICE OF HEARING | PLT MOTION FOR EVIDENTIARY HEARING TO DETERMINE RENTAL AMOUNTS OWED BY THE DEF | . |
| | 2 | 03/21/2018 | REQUEST FOR PRODUCTION | DEF FOURTH | . |
| | 1 | 02/12/2018 | MOTION FOR HEARING | TO DETERMINE RENTAL AMOUNTS OWED BY THE DEFT PATRICIA SLESINGER WHO IS NOT LISTED AS A PLAINTIFF IN THIS CASE | |
| . | | 07/24/2017 | ANSWER AND AFFIRMATIVE DEFENSES | TO FIRST AMENDED COMPLAINT | . |
| . | | 07/24/2017 | MOTION TO STRIKE | PARAGRAPH 53 OF FIRST AMENDED COMPLAINT AND FOR EXHIBIT "C" TO BE PLACED UNDER COURT SEAL | |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|--------|----------------|---------------------|------------------|---------|-------|
| | | 07/20/2017 | RESPONSE TO REQUEST FOR PRODUCTION | | . |
| . | | 07/17/2017 | NOTICE OF APPEARANCE | OF JONATHAN B SBAR, ESQ AS COUNSEL | . |
| . | | 05/21/2017 | ORDER GRANTING | MOTION FOR CONTINUANCE OF MEDIATION ---GRANTED MEDIATION CURRENTLY SCHEDULED FOR MAY 19, 2017 WITHIN 60 DAYS FROM THE DATE OF THE ORDER GRANTING PLAITNIFF MOTION TO WITHDRAW AS COUNSEL OF RECORD 5/21/17 CRI | . |
| . | | 05/21/2017 | AGREED ORDER | GRANTING WITHDRAWAL AS COUNSEL 05/21/17 CRI | . |
| | | 05/17/2017 | LETTER TO JUDGE FROM | MEDIATION | . |
| | | 05/16/2017 | AMENDED NOTICE OF HEARING | 5/16/17 @ 9 AM - MOTION TO WITHDRAW AS COUNSEL OF RECORD AND MOTION FOR ENLARGEMENT OF TIME | . |
| . | | 05/16/2017 | MOTION FOR ENLARGEMENT OF TIME | | . |
| . | | 05/15/2017 | MOTION FOR CONTINUANCE | OF MEDIATION | . |
| . | | 05/15/2017 | MOTION FOR ENLARGEMENT OF TIME | (SECOND MOTION) | . |
| | | 05/04/2017 | NOTICE OF HEARING | 5/16/17 @ 9 AM - MOTION TO WITHDRAW AS COUNSEL OF RECORD | . |
| | | 05/03/2017 | MOTION TO WITHDRAW | AS COUNSEL OF RECORD | . |
| . | | 05/01/2017 | MOTION FOR ENLARGEMENT OF TIME | | . |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|--------|----------------|---------------------|------------------|---------|-------|
| | | 04/20/2017 | REQUEST FOR PRODUCTION | | . |
| | | 04/18/2017 | AMENDED NOTICE OF HEARING | 05/04/2017 4:30 PM | . |
| | | 03/29/2017 | NOTICE OF HEARING | 5/4/17 @ 4:30PM-PLNTFS MOTION TO COMPEL DISCOVERY | . |
| | | 03/27/2017 | NOTICE OF FILING | OF FINDINGS OF FRAUD ON THE COURT BY STEPHEN SLESINGER INC WHICH IS OWNED AND CONTROLLED BY ITS PRESIDENT PATRICIA A SLESINGER | . |
| | | 03/27/2017 | REQUEST FOR JUDICIAL NOTICE | | . |
| | | 03/23/2017 | AMENDED MOTION TO - FOR | (PATRICIA A. SLESINGER, INDIVIDUALLY) / JUDICIAL DEFAULT, OR IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME | . |
| | | 03/23/2017 | NOTICE OF MEDIATION CONFERENCE | 05/19/17 @ 1 PM | . |
| . | | 03/22/2017 | MOTION TO COMPEL DISCOVERY | | . |
| . | | 03/14/2017 | MOTION TO AMEND | ORIGINAL CASE CAPTION | . |
| . | | 03/09/2017 | MOTION TO DISMISS | | . |
| | | 03/09/2017 | RESPONSE TO REQUEST TO PRODUCE | | . |
| | | 03/09/2017 | PRIVILEGE LOG | | . |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|--------|----------------|---------------------|------------------|---------|-------|
| . | | 03/08/2017 | ORDER GRANTING | PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME AND MOTION TO DEEM AMENDED COMPLAINT FILED -–GRANTED 3/8/17 CRI | . |
| . | | 03/01/2017 | MOTION | TO DEEM AMENDED COMPLAINT FILED | |
| | | 02/07/2017 | NOTICE OF HEARING | 3/1/17 @ 9:30AM - PLNTFS MOTION FOR EXTENSION OF TIME | |
| | | 02/06/2017 | REQUEST FOR PRODUCTION | SECOND | . |
| | | 02/06/2017 | NOTICE | OF RELATED CASES | . |
| . | | 02/02/2017 | MOTION FOR EXTENSION OF TIME | | |
| . | | 01/20/2017 | RESPONSE | TO REQUEST FOR ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES | . |
| . | | 01/06/2017 | ORDER DENYING MOTION | ORDER DENYING MOTION FOR EXPEDITED DISCOVERY; DENIED. JUDGE C.R.I. M01/06/2017 | . |
| . | | 01/03/2017 | MOTION FOR CONTEMPT | AND MOTION FOR SANCTIONS | . |
| . | | 12/20/2016 | ORDER ON CASE MANAGEMENT CONFERENCE | COUNSEL PRESENT WILL SUBMIT MOTION GRANTING LEAVE TO FILE AMENDED COMPLAINT | . |
| . | | 12/20/2016 | ORDER ON | PLAINITFF'S RESPONSES AND PRODUCTION TO DEFENDANT'S REQUEST FOR PRODUCTION 12/20/16 CRI | . |
| | | 12/19/2016 | NOTICE OF HEARING | 1/3/17 @ 4 PM - PLTFF'S MOTION FOR EXPEDITED DISCOVERY | . |
| | | 12/19/2016 | MOTION FOR DEFAULT | PATRICIA A. SLESINGER / BY JUDICIAL | . |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|--------|----------------|---------------------|------------------|---------|-------|
| . | | 12/16/2016 | ORDER REFERRING PARTIES TO MEDIATION | OF CIRCUIT CIVIL ACTION | . |
| . | | 12/15/2016 | MOTION TO DISMISS | FOR FAILURE TO SERVE PROCESS | . |
| | | 12/15/2016 | REQUEST FOR ENTRY TO INSPECT | UPON LAND - AND OTHER PURPOSES | . |
| . | | 12/15/2016 | MOTION TO - FOR | EXPEDITED DISCOVERY | . |
| | | 12/14/2016 | RESPONSE | TO TIMOTHY SCWARTZ'S REQUEST FOR PRODUCTION | . |
| | | 12/09/2016 | RESPONSE TO REQUEST FOR PRODUCTION | | . |
| . | | 11/17/2016 | ORDER GRANTING | AGREED ORDER GRANTING SUBSTITUTION OF COUNSEL; GRANTED. JUDGE C.R.I. 11/17/2016 | . |
| | | 11/15/2016 | JOINT STIPULATION | OF SUBSTITUTION OF COUNSEL | . |
| . | | 11/11/2016 | MOTION FOR EXTENSION OF TIME | | . |
| . | | 11/10/2016 | MOTION TO COMPEL | AND MOTION FOR SANCTIONS | . |
| . | | 07/28/2016 | ORDER SCHEDULING CASE MANAGEMENT CONFERENCE | SET 12/8/2016 2:00 | . |
| | | 08/05/2015 | RESPONSE | TO NOTICE OF LACK OF PROSECUTION | . |
| | | 06/04/2015 | NOTICE OF INTENT TO DISMISS FOR LACK OF PROSECUTION | | . |

| Select | Document Index | Clock-In Event Date | Event Description | Comment | Image |
|--------|---------------|---------------------|------------------|---------|-------|
| | | 05/09/2014 | FILE HOME LOCATION IS TAMPA | | |
| | | 05/09/2014 | COMPLAINT | TRANSFER FROM COUNTY CIVIL 14-CC-2634 | . |
| | | 05/09/2014 | SEE DOCKET TEXT | CASE SUMMARY CASE # 14-CC-2634 | |
| | | 05/09/2014 | TRANSMITTAL LETTER | | . |
| | | 05/09/2014 | CERTIFIED COPY OF | ORDER TO TRANSFER TO CIRCUIT COURT | . |
| | | 05/09/2014 | SEE DOCKET TEXT | ANSWER, AFFIRMATIVE DEFENSES, COUNTER CLAIMS AND THIRD PARTY COMPLAINT FROM COUNTY CIVIL 14-CC-2634/ 02/13/14 | |
| | | 05/09/2014 | SEE DOCKET TEXT | ADDITIONAL PLEADINGS FROM COUNTY CIVIL 14-CC-2634 / 4/28/14-4/17/14 | |
| | | 05/09/2014 | SEE DOCKET TEXT | ADDITIONAL PLEADINGS FROM COUNTY CIVIL 14-CC-2634 / 03/31/14-1/28/14 | |

Showing 1 to 78 of 78 entries (filtered from 0 total entries)

Previous     1     Next

🐾 Return to Search Results (/html/case/searchResults.html)

© 2018 - Hillsborough County Clerk of the Circuit Court