UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASSWELL FOUNDATION FOR
LEARNING AND LAUGHTER, INC.,
FRED LASSWELL, INC., RED RYDER
ENTERPRISES, INC., and GOLDBOOK,
LTD.,

     Plaintiffs,                             Case No.:  8:17-cv-00046-JDW-TBW

vs.

TIMOTHY SCHWARTZ, DESIGN TANK,
INC., and DOES 1-10,

     Defendants.
_____/

## MOTION TO COMPEL DEFENDANT'S
## CONSENT TO PLAINTIFFS' THIRD-PARTY SUBPOENAS

Plaintiffs, Lasswell Foundation for Learning and Laughter Inc. ("Lasswell Foundation"), Fred Lasswell Inc., Red Ryder Enterprises, Inc. ("Red Ryder") and Goldbook, Ltd. ("Goldbook") (collectively "Plaintiffs", by and through undersigned counsel, bring this Motion to Compel Defendant's Consent to Plaintiffs' Third-Party Subpoenas ("Motion") against Defendant Timothy Schwartz ("Defendant").

### I.    INTRODUCTION

This Court should grant Plaintiffs' Motion to Compel Defendant's Consent to Plaintiffs' Third-Party Subpoenas ("Motion") as the acquisition of information in Plaintiffs' Third-Party Subpoenas has been previously contemplated and sanctioned by this Court during the November 27, 2018 status conference.  During the status conference, the Magistrate Judge in this case concluded that Plaintiffs' service of subpoenas to third-parties seeking information regarding issues such as Defendant's domain name registrations, domain name hosting, email content, and

e-commerce platforms was the most efficient avenue. In an effort to streamline the subpoena process and reduce the issues for trial, the Magistrate Judge agreed with Plaintiffs' approach of securing information directly from third-parties where possible, as previous discovery directed at Defendant was unproductive (i.e. Defendant Schwartz, without counsel and in pro per, denied registering the domain names at issue despite the evidence that he indeed registered those domains). At the status conference, counsel for Plaintiffs informed the Court that there would be objections from third-party domain registrars, website hosting companies, e-commerce providers and email service providers concerning the Stored Communications Act ("SCA") and privacy protection issues. Defendants' consent to provide information would be the fastest way to resolve third-party subpoena objections.

Plaintiffs issued the Third-Party Subpoenas as requested and granted at the last status conference, and provided Consent Forms to Defendant to ensure that as much information as possible was provided in response to Plaintiffs' Third-Party Subpoenas. Several of the entities served have proffered privacy related objections to the Third-Party Subpoenas, making Defendant's execution of the Consent Forms crucial to Plaintiffs' receipt of subpoenaed information and ultimate understanding of Defendant's actions upon which this lawsuit's allegations are based. Despite the third-parties generally agreeing to provide protected information with consent of the account owner, Defendant Schwartz has refused to sign any Consent Forms.

## II.   FACTUAL BACKGROUND

1. On November 14, 2018 this Court *sua sponte* ordered a Status Conference to be held November 27, 2018, following filing of the mediation report that noted impasse. [Notice of Hearing, Doc. 82].

2. On November 27, 2018, the parties conducted a status conference to discuss discovery matters, during which the Magistrate Judge allowed Plaintiffs to issue third-party subpoenas to a variety of domain registrars, email providers, and web hosting companies. The Magistrate ordered that the Plaintiffs have all third-party subpoenas issued as quickly as possible, understanding that the third-parties would likely object to providing certain private information without Defendant's consent or a court order.

3. On November 28, 2018, this Court followed up the status conference with an Order specifying that "all authorized discovery shall be completed on or before February 11, 2019" and that "[w]ithin this time period, the Plaintiffs are permitted to conduct discovery on a limited basis as outlined at the status conference. In short, this discovery shall be confined to the deposition of the Defendant and *the service of third-party subpoenas* referenced during the status conference." [Nov. 28, 2018 Order, Doc. 84] (emphasis added).

4. Pursuant to the status conference and this Court's Order, Plaintiffs sent third-party subpoenas to the following third-parties ("Third-Party Subpoenas"):

| Entity | Information Related To: | Date Served | Response Received | Objections |
|---|---|---|---|---|
| Acquia Hosting | Hosting of Cartoonys.Com. | 12/10/2018 | N/A | N/A |
| | Emails sent/received through Cartoonys.Com relevant to this action's claims and defenses. | 12/10/2018 | N/A | N/A |
| Amazon | Defendant's Create Space account setup for Fred Lasswell, Inc. | TBD[1] | TBD | TBD |
| APlus.Net | Hosting of UncleFred.Com. | 01/09/18[2] | N/A | N/A |
| | Emails sent/received through UncleFred.Com relevant to this action's claims and defenses. | 01/09/18 | N/A | N/A |

---

[1] Service on Amazon has been sent for service but has not been completed as of the submission of this Motion.
[2] Service was attempted on 12/10/2018 but because Deluxe Small Business Sales, Inc., had acquired Aplus, the subpoena was then sent directly via email to InvestigativeDemands@deluxe.com.

| Entity | Information Related To: | Date Served | Response Received | Objections |
|---|---|---|---|---|
| Apple | Defendant's Apple iTunes storefront for selling "Uncle Fred" Apps. | 12/10/2018 | 12/20/2018 | Yes |
| BlueHost | Hosting of DesignTank.Com and DesignTankGFX.Com. | 12/10/2018 | 12/20/2018 12/21/2018 | Yes |
| | Emails sent/received through UncleFred.Com relevant to this action's claims and defenses. | 12/10/2018 | 12/20/2018 12/21/2018 | Yes |
| CafePress | Defendant's CafePress account used to sell "Uncle Fred" merchandise. | 12/10/2018 | 12/17/2018 | No |
| Earthlink | Reselling UncleFred.Com. | 12/20/2018 | N/A | N/A |
| GoDaddy | Registrar for Cartoonys.Com, DayToLaughAndPlay.Org, DesignTank.Com, DesignTank.Net, and DesigntankGFX.Com. | 12/5/2018 | 12/13/2018[3] | N/A |
| | Hosting of DayToLaughAndPlay.Org. | 12/7/2018 | 12/13/2018 | N/A |
| | Emails sent/received through DayToLaughAndPlay.Org relevant to this action's claims and defenses. | 12/7/2018 | 12/19/2018 | Yes |
| Google | Emails sent/received through the Google Gmail accounts tsschwartz@gmail.com and designtank@gmail.com relevant to this action's claims and defenses. | 12/7/2018 | 12/21/2018 | Yes |
| | Defendant's YouTube channel, "Cartoonys" | 12/7/2018 | 12/21/2018 | Yes |
| | Emails sent/received through the Google Gmail account uncfred@gmail.com relevant to this action's claims and defenses. | TBD[4] | TBD | TBD |

---

[3] GoDaddy's December 13, 2018 email responses only contained receipt confirmation of Plaintiffs' subpoenas and no substantive responses and/or objections.

[4] Service on Google (uncfred@gmail.com) has been sent for service but has not been completed as of the submission of this Motion.

4

| Entity | Information Related To: | Date Served | Response Received | Objections |
|---|---|---|---|---|
| Network Solutions | Registrar for UncleFred.Com. | 12/7/2018 | 12/12/2018 | No |
| PayPal | Defendant's PayPal account used to collect income via Caryoonys.Com, DayToLaughAndPlay.Org, DesignTank.Com, DesignTank.Net, DesignTankGFX.Com, and UncleFred.Com for "Uncle Fred" items. | 12/18/2018 | 12/21/2018 | Yes |
| Tucows | Registrar for UncleFred.Com. | 12/7/2018 | N/A | N/A |

**5.** Plaintiffs' Third-Party Subpoenas can be categorized in essentially four ways: registrars, hosts, email service providers, and e-commerce platforms.

**6.** For registrars – such as GoDaddy – Plaintiffs sent subpoenas requesting information related to, among other relevant issues, the registrant's user account information for and control of particular domain names relevant to this action. [GoDaddy Registrar Subpoena, **Ex. 1**].

**7.** For hosts – such as BlueHost – Plaintiffs sent subpoenas requesting information related to the user's account information for infringing web sites related to particular domain names relevant to this action. [BlueHost Hosting Subpoena, **Ex. 2**].

**8.** For email service providers – such as Google – Plaintiffs sent subpoenas requesting information regarding Defendant's known email addresses, limiting the requests to only those emails related to Defendant's activities on behalf of Plaintiffs and to those issues raised in Plaintiffs' Amended Complaint.[5] [Google Email Subpoena, **Ex. 3**].

---

[5] For the Third-Party Subpoenas seeking emails, Plaintiffs attempted to exclude attorney/client privileged information by requesting that the emails only contain keywords relevant to this action, which included: 1211; 2146; 33607; 4661; 503; 5225; 610; 62450; 90036; 92317; acquia; alpus.net; apple; archive!; art; artwork; barney; blue jay; blue host; bluehost, bristle lake; brownsburg; cafepress; california; cartoon; cartoonys;; cedant; color; comic; copyright; day; design tank; designtank; digital; dolphins; doodle!; draw; dvd; facebook; far-out, far out; fair; florida; fred; funny;

5

9. For e-commerce platforms – such as Apple – Plaintiffs sent subpoenas requesting information related to, for instance, Defendant's use of the iTunes Store for selling "Uncle Fred" related Apps. [Apple Subpoena, **Ex. 4**].

10. On December 10, 2018 Plaintiffs' counsel sent Defendant a correspondence attaching the Subpoenas at Issue (save for the Earthlink and Amazon subpoenas, which were not determined necessary until a later date), along with consent forms, [*See, e.g.,* Google Emails Consent Form, **Ex. 5**], for Defendant to sign in order to allow the third parties to produce the information protected by the Stored Communications Act ("SCA"), such as information that would identify Defendant as an account owner, identify credit card information which would link to Defendant, identify emails to and from Defendant related to relevant domain names, hosting accounts or other services at issue. [Pls.' Dec. 10, 2018 Email, **Ex. 6**].

11. On December 11, 2018, Defendant sent Plaintiffs' counsel an email containing his objections to Plaintiffs' subpoenas. [Def.'s Dec. 11, 2018 Email, **Ex. 7**].

12. On December 13, 2018, Plaintiffs' counsel responded to Defendant's objections, in which Plaintiffs' counsel offered Defendant the opportunity to "suggest search terms that could be considered pertinent to privileged information" and again requested that Defendant sign the consent forms to expedite responses to the Subpoenas at Issue. [Pls.' Dec. 13, 2018 Email, **Ex. 8**].

---

goaddy; goldbook; ice cream; index; indiana; illinois; itunes store; itunes; lasswell; laugh; library; mee-arf; network solutions; olney; pati; paypal; pets; piggy; publish!; play; red ryder; scan!; service mark; sketch; slesinger; snuffy; song; storage; studio; tampa; theme; tidy; trademark; trailer; truck; tucows; uncle; unified layer; vhs, video!; walrus; westshore; wilshire; and youtube. Further, Plaintiffs' Subpoenas at Issue directed the third-party email providers to "exclude any and all emails, to, from, copied (cc) and/or blind copied (bcc) for email addresses containing the following domain: ***@shariffaust.com."

13. Defendant has neither executed any of the Consent Forms provided by Plaintiffs nor provided any keywords to limit Plaintiffs' Third-Party Subpoena inquiries. In fact, Defendant has simply ignored all other communications to him concerning the subpoenas and Consent Form requests.

14. As anticipated, without Defendant's signed Consent Forms, many of the entities served with Third-Party Subpoenas have objected to producing the requested information on privacy related grounds.

15. For instance, Google responded to the Google Email Subpoena with a letter containing several objections, including "on the grounds that Section 7202(a) of the federal Stored Communications Act ('SCA') prohibits Google from disclosing the content of electronic communications or content stored on behalf of the user pursuant to a subpoena." [Google Dec. 21, 2018 Letter, **Ex. 9**].

16. Similarly, Apple responded that "the subpoena requests personally identifiable information concerning iTunes Store account holders. The Federal Video Privacy Protection Act ('VPPA'), 18 U.S.C. § 2710(b), strictly prohibits a video tape service provider, such as the iTunes Store, from disclosing personally identifiable information – including information that identifies a person as having requested or obtained video materials or services – related to any consumer . . . . In the absence of a court order, Apple can only produce this data with the account holder's consent, which the account holder has not provided." [Apple Dec. 21, 2018 Letter, **Ex. 10**].

17. Additionally, BlueHost responded that it was "unable to proceed with the requested action unless provided with an updated court order that specifically directs Bluehost to carry out specific actions." [BlueHost Dec. 21, 2018 Email, **Ex. 11**].

18. The privacy related objections proffered by entities such as Google, Apple, and BlueHost were common among the entities that have objected to the Third-Party Subpoenas. For those entities that have not yet responded to the Third-Party Subpoenas, Plaintiffs anticipate similar privacy related objections.

19. Altogether, Defendant's execution of the Consent Forms is crucial for Plaintiffs to receive any substantive information in response to the Third-Party Subpoenas so as support their claims and reduce the issues for trial.

### III.   ARGUMENT

This Court should grant Plaintiffs' Motion to Compel Defendant's Consent to Plaintiffs' Third-Party Subpoenas because the Third-Party Subpoenas are relevant to the claims and defenses of this action and any information provided in response will expedite the limited discovery process while reducing the issues remaining for trial. Due to the fact that several entities served with Plaintiffs' Third-Party Subpoenas have objected on privacy related grounds, it is necessary for Defendant's to execute the Consent Forms so that Plaintiffs may gather as much information as possible to support their claims in this case.

Generally, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, under the Federal Rules of Evidence ("FRE"), "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Pursuant to the discovery rules, "a party may move for an order compelling disclosure or discovery . . . ." Fed. R. Civ. P. 45(a)(1).

Under the Stored Communications Act ("SCA"), "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service", 18 U.S.C. § 2702(a)(1), and "a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service . . . ." 18 U.S.C. § 2702(a)(3). However, a provider may divulge the contents of communications and customer records with the customer or subscriber's "lawful consent." Id. at §§ 2702(b)(3), 2702(c)(2). Courts have the authority to compel a Defendant to consent to the release of information, such as that requested in Plaintiffs' Third-Party Subpoenas. Courts have found that "court-ordered consent would be effective to satisfy the [Stored Communications] Act . . . ." *Negro v. Superior Court*, 230 Cal. App. 4th 879, 897, 179 Cal. Rptr. 3d 215, 228 (2014), *as modified* (Nov. 18, 2014). "At least two courts have actually resorted to this measure[, such as] *Al Noaimi v. Zaid* (D.Kan.2012) 2012 WL 4758048 [ordering plaintiff to execute consent to be attached to subpoena directed to e-mail provider]." *Id.*, *see also Bower v. Bower*, 2011 WL 1326643, at *2 (D. Mass. Apr. 5, 2011) ("The parties dot not seem to dispute that this court could order [Defendant] to consent to the production of emails since they are under her control although maintained by the service provider."). This Court should thus compel Defendant provide consent and execute the Consent Forms so that the information requested in Plaintiffs' Third-Party Subpoenas can be produced.

9

In this case, during the November 27, 2018 status conference, the parties contemplated the best way to effectuate discovery moving forward. The Magistrate Judge agreed that it was best to have Plaintiffs issue the Third-Party Subpoenas directly to the entities themselves, rather than subpoenaing Defendant to provide the information sought. Compelling Defendant's consent is proper as the information requested in the Third-Party Subpoenas is relevant to this action and consistent with this Court's prior decision from the status conference. For example, the Third-Party Subpoenas to entities such as BlueHost, GoDaddy, and Google related to domain names such as DesignTank.Net, DesignTank.Com, DesignTankGFX.Com, as well as emails from addresses such as tsshwartz@gmail.com, designtank@gmail.com, tim@designtank.net, tschwartz@designtank.net, tim@designtankgfx.com, and gfx@designtank.com are relevant for several reasons.

First, Defendant Schwartz's company, Design Tank, Inc. ("Design Tank") is a Defendant to this action and also alleged to have participated in the registration of infringing domain names, hence why emails from addresses such as designtank@gmail.com, tim@designtank.net, tschwartz@designtank.net, gfx@designtank.com are relevant to this action. Additionally, the Amended Complaint contains the following claims:

- "Schwartz registered and operates the websites www.cartoonys.com and www.daytolaughandplay.org." [Am. Compl., Doc. 5, pg. 3, ¶ 7];
- "Defendants purchased the domain name, cartoonys.com, and registered it in their own name(s)." [Am. Compl., Doc. 5, pg. 12, ¶ 39];
- "When the relationship between Plaintiffs and Defendants soured, Fred Lasswell, Inc. discovered the wrongful registration of the cartoonys.com domain name, and

10

demanded that the registration be transferred to it immediately. Defendants refused." [Am. Compl., Doc. 5, pg. 12, ¶ 41];

- "Defendant purchased the domain name, DayToLaughAndPlay.Org, and registered it in their own names. Defendants never were authorized to register any domain names of Plaintiffs in their own names, or to use them for Defendant's own purposes. As seen below, 'DayToLaughAndPlay.Org' was created on '12-Jan-2012' by Design Tank." [Am. Compl., Doc. 5, pg. 12, ¶ 55].

Defendant's Answer to these allegations included:

- "Deny . . . . Schwartz did not own, operate, nor was in any way associated with the websites www.cartoonys.com and www.daytolaughandplay.org." [Answer, Doc. 31, pg. 2, ¶ 7];

- "Deny. Fred Lasswell, Inc. was aware of the cartoonys.com from its inception or at least as early as 2011." [Answer, Doc. 31, pg. 5, ¶ 41];

- "Deny. At the commencement of this lawsuit on Feb. 22, 2016, the domain 'daytolaughandplay.org' was not registered to or owned by Schwartz and has been available for registration since that time. The image included in the Complaint clearly shows that Schwartz's association with the domain expired Jan. 12, 2014, more than two years prior to the commencement of this lawsuit." [Answer, Doc. 31, pg. 5, ¶ 41].

Defendant's registration and ownership of the domain names www.cartoonys.com and www.daytolaughandplay.org is disputed in this action, making requests related to those domains relevant. To that end, the WHOIS record for cartoonys.com lists Defendant as the registrant, with the e-mail tim@designtank.net. [Ex. 8 to Pls.' Response to Def's Mt. to Quash, Cartoonys.Com WHOIS, Doc. 86-8]. Similarly, the DayToLaughAndPlay.Org WHOIS records identify

11

Defendant as the registrant, with associated emails tim@designtank.net and designtank@gmail.com. [Ex 9 to Pls.' Response to Def's Mt. to Quash, DayToLaughAndPlay.Org WHOIS, Doc. 86-9]. Because these email addresses are associated with the registration of the infringing domain names at issue in this case – cartoonys.com and daytolaughandplay.org – communications to and from these email addresses are relevant to the claims and defenses and have a tendency to make the fact that Defendant registered these domain names more probable, which is of consequence to Plaintiffs' cybersquatting claim.

Further, tsschwartz@gmail.com is Defendant's personal email address that was used by Defendant as part of his work for Plaintiffs and their related entities. It is reasonable that if Defendant were attempting to avoid detection of correspondence related to Plaintiffs' claims that he converted, removed and stole documents and digital information he was supposed to be archiving and was unlawfully commercializing Plaintiffs' intellectual property and stole or removed personal items from Plaintiffs' property that Defendant would have utilized an email account unrelated to the infringing domain names. Overall, Plaintiffs' requests in the Third-Party Subpoenas are relevant to the claims and defenses of this case, thus making it appropriate for this Court to compel Defendant's consent to production of the sought information.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiff's Motion to Compel and Order that Defendant execute the Consent Forms for information sought in Plaintiffs' Third-Party Subpoenas.

### CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 37(a)

The undersigned has in good faith attempted to confer with the Mr. Timothy Schwartz in an effort to obtain his execution of the Consent Forms without court order, pursuant to emails

dated December 10, 2018, [Pls.' Dec. 10, 2018 Email, **Ex. 6**], and December 13, 2018, Pls.' Dec. 13, 2018 Email, Ex. 8] that provided Consent Forms to Mr. Timothy Schwartz for signature, which were never returned by him.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

The undersigned hereby certifies that counsel has conferred with Mr. Timothy Schwartz on this Motion and he objects to the relief sought herein.

Dated: January 10, 2019                           Respectfully Submitted,

*/s/ Jonathan B. Sbar*
Jonathan B. Sbar, Esq. (FBN 131016)
Email:  jsbar@rmslegal.com
Andrea K. Holder, Esq. (FBN 104756)
Email:  aholder@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, FL  33629
Phone:  813-769-5600
Fax:     813-769-5601

*/s/ Craig Enrico Schaefer*
Craig Enrico Schaefer (Pro Hac Vice)
Traverse Legal, PLC
810 Cottageview Drive G-20
Traverse City, MI  49684
enrico.schaefer@traverselegal.com
Phone:  231-932-0411

*Counsel for Plaintiffs*

13

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 10, 2019 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Craig Enrico Schaefer*
Counsel for Plaintiffs

## **INDEX OF EXHIBITS**

| NO. | TITLE |
|---|---|
| 1 | GoDaddy Registrant Subpoena |
| 2 | BlueHost Hosting Subpoena |
| 3 | Google Email Subpoena |
| 4 | Apple Subpoena |
| 5 | Google Email Consent Form |
| 6 | Plaintiffs' December 10, 2018 email to Schwartz |
| 7 | Defendant Schwartz's December 11, 2018 email |
| 8 | Plaintiffs' December 13, 2018 email to Schwartz |
| 9 | Google's December 21, 2018 letter to Schaefer |
| 10 | Apple's December 21, 2018 letter to Schaefer |
| 11 | BlueHost's December 21, 2018 Email to Schaefer |