# EXHIBIT 9

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

December 21, 2018

*Via Email and Express Courier*
*enrico.schaefer@traverselegal.com*

Craig Enrico Schaefer
Traverse Legal, PLC
810 Cottageview Dr., Unit G-20
Traverse City, Michigan 49684
231-932-0411

Re: *Lasswell Foundation For Learning, et al v. Timothy Schwartz, Design Tank, Inc., et al*, United States District Court for the Middle District of Florida, Civil Action No. 8:17-cv-00046-JDW (Internal Ref. No. 2212692)

Dear Craig Enrico Schaefer:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated December 05, 2018, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents related to the Gmail accounts associated with TSSCHWARTZ@GMAIL.COM and DESIGNTANK@GMAIL.COM.

At this point, however, as set forth more fully in the objections below, Google will not produce documents in response to the Subpoena because the requests are objectionable. Google further hereby makes the following objections to the Subpoena.

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.

**Violation of Federal Law**

Google objects on the grounds that Section 2702(a) of the federal Stored Communications Act ("SCA") prohibits Google from disclosing the content of electronic communications or content stored on behalf of the user pursuant to a subpoena. The SCA prohibits Google from disclosing the content of electronic communications, including the headers for e-mails containing specific terms, pursuant to a subpoena. The production you seek would cause Google to disclose the presence or absence of communications containing specified content. A subpoena is not sufficient legal process for Google to disclose the existence of communications containing specific content. It is our position that this is a disclosure prohibited by the Stored Communications Act. 18 U.S.C. § 2702(a) *see e.g., Suzlon Energy Ltd. v. Microsoft Corp,* 671 F.3d 726, 730 (9th Cir. 2011); *Theofel v. Farey-Jones,* 359 F.3d 1066 (9th Cir. 2004); *Mintz v. Mark Bartelstein & Assocs., Inc.* 885 F. Supp. 2d 987, 993-94 (C.D. Cal. 2012); *In re Subpoena Duces Tecum to AOL, LLC.,* 550 F.Supp.2d 606, 611 (E.D. Va. 2008); *Flagg v. City of Detroit,* 252 F.R.D. 346, 366 (E.D. Mich. 2008); *Viacom Int'l Inc. v. YouTube Inc.,* 253 F.R.D. 256 (S.D.N.Y. 2008); *O'Grady v. Superior Court of Santa Clara,* 139 Cal. App. 4th 1423, 1441-43 (2006).

Instead, the appropriate way to seek such content is to direct your request to the account holder who has custody and control of the data in the account, is not bound by the SCA, and is the party to whom

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

discovery requests should be directed. *Suzlon*, 671 F.3d 726, 730-31; *Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 139 Cal. App. 4th at 1446-47. If the account holder is a party to the underlying litigation, you may serve a document request on the account holder for the content sought. *See Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 13 Cal. App. 4th at 1446-67; *see also Flagg*, 252 F.R.D. at 348, 366-67. Google users can obtain and produce their account content themselves, or by using Google Takeout, available at www.google.com/takeout/.

　　　　To the extent you are seeking the production of content based on a signed consent form, Google objects to the request because Google is unable to verify that the person signing the form is the account owner. If you are interested in going through our verified consent disclosure process, please contact me.

**Additional Objections**

1.  Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

2.  Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

3.  Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

4.  Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.

5.  Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.

6.  Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A).

　　　　Google reserves the right to further object to the Subpoena in any additional response.

　　　　If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

　　　　　　　　　　　　　　Very truly yours,
　　　　　　　　　　　　　　/s/  Mattingly Messina
　　　　　　　　　　　　　　Legal Investigations Support