UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASSWELL FOUNDATION FOR
LEARNING AND LAUGHTER, INC.,
FRED LASSWELL, INC., RED RYDER
ENTERPRISES, INC., and GOLDBOOK,
LTD.,

    Plaintiffs,

Case No.: 8:17-cv-00046-JDW-CPT

vs.

TIMOTHY SCHWARTZ, DESIGN TANK,
INC., and DOES 1-10,

    Defendants.
_____/

**JOINT STATEMENT**
**RE: REMAINING ISSUES FOR JUDICIAL INTERVENTION**

Plaintiffs, LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC., FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC., and GOLDBOOK, LTD. (Plaintiffs), by and through the undersigned counsel, and Defendant~~s~~ TIMOTHY SCHWARTZ ~~and DESIGN TANK, INC.,~~ hereby submit the following Joint Statement pursuant to the Court's Order (Dkt 99) dated January 18, 2019. Note that Mr. Schwartz's changes to the document were received late afternoon on Friday. For the sake of accuracy it was decided by Plaintiffs' counsel to submit Mr. Schwartz's edits and markups directly. However we have included those items in Plaintiffs' section of the document as Plaintiffs originally intended. All strikeouts and highlighting are the product of Mr. Schwartz.

    Dkt 99  Docket Text:

    ENDORSED ORDER: For the reasons discussed on the record at the
hearing, the parties are directed to meet and confer on or before January 25, 2019,
preferably in person or by telephone in accordance with Local Rule 3.01(g), in a

good-faith effort to resolve the dispute with respect to the non-party subpoenas at issue in [85] Defendant's Motion to Quash Subpoenas and for Protective Order. Following such conference, the parties shall file a joint notice no later than January 25, 2019, outlining what, if any, matters remain for judicial intervention.

**PROCEDURAL HISTORY (with Schwartz's strikeouts included as is)**

Pursuant to the Court's Order (Dkt 99), the Parties have attempted in good faith to narrow and/or resolve issues related to five outstanding subpoenas related to Mr. Schwartz's Motion to Quash Subpoenas, Motion for Protective Order, Motion to Compel Discovery and Motion for Sanctions (Dkt 85). Counsel for Plaintiffs, Enrico Schaefer, provided detailed information to Defendant Timothy Schwartz in order to define and potentially resolve disputes to the subpoenas as set forth in Dkt 85, and all other subpoena issues. Mr. Schwartz responded to emails and the parties agreed to a telephone call to discuss issues. (See **Exhibit 1**, email thread exchange between Mr. Schaefer and Mr. Schwartz related to subpoena issues). Mr. Schwartz and Mr. Schaefer did have an opportunity to speak for almost an hour on Thursday January 24th at 6:00 PM in order to try and narrow and/or resolve issues. ~~The Parties were able to resolve one key issue as reflected in Mr. Schwartz Friday, January 25 10:09 AM email. Mr. Schwartz has agreed to provide any further email addresses of his attorneys as a negative keyword, to ensure no attorney-client information is divulged through any subpoena seeking emails. The Parties have further agreed to a standard protective order to protect any private and/or confidential information which might be disclosed in the subpoenas. All other issues remain unresolved~~.

**PLAINTIFFS' STATEMENT**

Mr. Schaefer provided a mark-up of the specific objections which were the subject of Mr. Schwartz's Motion to Quash Subpoenas, Motion for Protective Order, Motion to Compel

Discovery and Motion for Sanctions (Dkt 85). Mr. Schaefer proposed to modify certain subpoenas, deleting certain language in order to limit the scope of information requested, and to narrow the scope of the requests. (See **Exhibit 2**, Mr. Schaefer's proposed deletions to language and strikeout in red on the specific objections lodged by Mr. Schwartz in (Dkt 85). The conversation was detailed and professional, but the parties were unable to narrow or resolve the substantive issues. Mr. Schwartz did not agree to the proposed changes made by Mr. Schaefer, but instead objects to all five (5) at–issue subpoenas in total, as reflected in numbered paragraphs 6, 8, 10, 12 and 14 of (Dkt 85) **(Exhibit 2).** The Parties could not overcome the generalized objections from Mr. Schwartz. ~~In a Friday, January 25, 10:00 AM email **(Exhibit 1),** Mr. Schwartz formally agreed that he would provide any other attorney email addresses so they can be added as negative keywords.~~ Mr. Schwartz indicated he could not agree to the proposed changes made by Mr. Schaefer as reflected in **Exhibit 2**, ~~but promised to continue to think about things over the weekend.~~ (NOTE: If we are not asking for additional time, I will not be considering this any further, other than providing a list of attorneys etc. related to the Privileged dispute.)

Plaintiffs stand by their proposed edits to the subpoenas reflected in **Exhibit 2** as a reasonable resolution of any outstanding issues, and has proposed to take the same approach on all other subpoenas based on whether the third party is a domain name registrar, web hosting company, web email provider or ecommerce provider. ~~Plaintiffs further propose that the subpoenas as modified be submitted to third party subpoena recipients under the modified Consents attached as **Exhibit 3**. As part of **Exhibit 1**, Plaintiffs provided a chart detailing some of the reasons why the information requested in the subpoenas was relevant or reasonably~~

~~calculated to lead to the discovery of relevant information. (See Exhibit 4; Draft Subpoena Chart).~~

~~Mr. Schaefer and Mr. Schwartz further discussed that to the extent third parties are unwilling to filter emails by keyword (we won't know this until consents are signed), that it may be necessary to have a third party do that filtering under court order, and under direction of the court. One such service provider is E-Hounds, Inc. located in Tampa.~~

~~Plaintiffs would further request that this court also enter the proposed Order in order to increase the likelihood that third parties will comply with the subpoenas. A proposed Order is attached as **Exhibit 5**.~~

**DEFENDANT TIMOTHY SCHWARTZ'S STATEMENT:**

PLEASE TAKE NOTICE that pursuant to this Court's Order (Dkt. 99), Defendant and Plaintiffs' counsel met and conferred in a good-faith effort to resolve the dispute with respect to the non-party subpoenas at issue in Defendant's Motion to Quash Subpoenas and for Protective Order (Dkt. 85).

Defendant proposed requested that the parties file a joint Motion for Extension of Time so that they could further resolve Defendant's dispute with non-party subpoenas but Plaintiffs did not agree.

Therefore, the disputed matters that remain for judicial intervention with respect to the non-party subpoenas at issue in Defendant's Motion to Quash Subpoenas and for Protective Order are:

1. Relevance of information sought (See Dkt. 85, Paragraphs 5, 7, 9, 11, 13, 15)

2. Information sought could have been obtained from another source or in a more convenient or less intrusive way (See Dkt. 85, Paragraphs 5, 33)

3. Information sought causes an undue burden on respondents and the Defendant. (See Dkt. 85, Paragraphs 7, 9, 11, 13, 15, 31, 32)

Defendant further objects to any Proposed Order by Plaintiffs attached to this Joint Statement and any additional arguments made by Plaintiffs.


Dated: January 25, 2019				Respectfully Submitted,

						*/s/ Jonathan B. Sbar*
						Jonathan B. Sbar, Esq. (FBN 131016)
						Email:  jsbar@rmslegal.com
						Andrea K. Holder, Esq. (FBN 104756)
						Email:  aholder@rmslegal.com
						ROCKE, McLEAN & SBAR, P.A.
						2309 S. MacDill Avenue
						Tampa, FL  33629
						Phone: 813-769-5600
						Fax:     813-769-5601

						*/s/ Craig Enrico Schaefer*
						Craig Enrico Schaefer (Pro Hac Vice)
						Traverse Legal, PLC
						810 Cottageview Drive G-20
						Traverse City, MI  49684
						enrico.schaefer@traverselegal.com
						Phone: 231-932-0411

						*Counsel for Plaintiffs*


Dated:  January 25, 2019			  */s/ Timothy Schwartz*
						Timothy Schwartz, Defendant ~~and on behalf of Design Tank~~, Defendant
						In Pro Per

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2019 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system ~~or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.~~

 

                                                      */s/ Craig Enrico Schaefer*
                                                      Craig Enrico Schaefer (Pro Hac Vice)