UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASWELL FOUNDATION FOR
LEARNINGAND LAUGHTER, INC.,
et al.,

    Plaintiffs,

v.                                                    Case No. 8:17-cv-46-T-27CPT

TIMOTHY SCHWARTZ, et al.,

    Defendants.
_____/

## **O R D E R**

This cause is before the Court on the *Plaintiffs' Motion for Entry of Confidentiality Orders on an Emergency Basis* (Doc. 122), which was filed on March 14, 2019. By way of their motion, the Plaintiffs seek entry of confidentiality protective orders relating to: (1) their production of documents that they claim are "confidential," and (2) photographs or videos of the inspection of the Plaintiffs' offices. *Id.*[1]

The Defendant has not yet filed his response to the Plaintiffs' motion. However, given the nature of the motion, the time constraints involved in this

---

[1] The Court previously ordered the Plaintiffs to produce all responsive documents on or before March 15, 2019, and to conduct the inspection of the Plaintiffs' Tampa offices on or before March 31, 2019. The parties were directed to confer regarding the entry of a protective order by today's date. (Doc. 119).

matter, and the course of proceedings in this case, the Court finds that a response from the Defendant is unnecessary.

The issuance of protective orders is governed generally by Federal Rule of Civil Procedure 26(c), which provides that a court may, for good cause, issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (per curiam).

The Eleventh Circuit has held that district courts may issue umbrella protective orders to expedite the flow of discovery material and to protect the confidentiality of documents. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

For purposes of discovery and preventing the parties from litigating the issue of confidentiality as to each document, the Plaintiffs' proposal for the entry of a confidentiality order serves a useful purpose, and the Court therefore finds that good cause exists for entry of the same. Accordingly, upon due consideration of the matter, the Plaintiffs' motion (Doc. 122) is GRANTED, and it is hereby ordered as follows:

1. As used herein, "Confidential Matter" shall mean any information, documents, or things that are furnished in the course of this litigation by either a party to this action or by a third party pursuant to subpoena (the producing party),

which any party, in good faith, contends constitute intellectual property, including, but not limited, to trademarks, copyrights, patents, proprietary corporate information, or a trade secret and is designated as confidential pursuant to this Confidentiality Order:

    a.    Any Confidential Matter produced by the producing party shall be so designated prior to the production of the document and such designation by the producing party must be made in good faith that the material is Confidential Matter. The Parties may designate documents produced, or testimony given, in connection with this action as "Confidential" either by notation on the document or statement on the record of the deposition. Documents and other materials shall be stamped or labeled as "Confidential" in a manner that does not cover or otherwise obscure any of the content of such materials (e.g., documents shall be stamped or labeled at the top or bottom of the page whenever possible, but not over the text). When used in this Order, the word "Documents" means all written material, photographs, video tapes, digital images and all other tangible items whether produced as hard copy, CD, DVD, or otherwise. Except as otherwise indicated in this Order, Documents designated by the Parties as "Confidential" and which are disclosed or produced in connection with this case are

Confidential and are entitled to confidential treatment as described below.

b.  If a deposition contains Confidential Matter, a party may so state on the record and the deposition shall be treated as confidential.

c.  Any information, documents, or things that are not designated as Confidential Matter shall not be covered by this Order, provided, however, that inadvertent production of any Confidential Matter without a designation of confidential shall not by itself be deemed a waiver of the confidentiality as to such matter. Should the producing party thereafter wish to designate as confidential any Confidential Matter that, through inadvertence, was not so designated, he or she shall consult with opposing counsel, and counsel shall confer in a good faith effort to resolve the matter. If, after such efforts, the parties are not able to resolve whether the item is Confidential Matter, the producing counsel may apply to the Court for an order designating such material as confidential. Disclosure by any party of such material prior to notice by the producing party of its assertion of confidentiality shall not be deemed a violation of this Order. After notice of inadvertent production of Confidential Matter, such item shall not be disclosed or shall

not be used in any other manner or disclosed to any other person except as provided in this Order regarding Confidential Matter until resolution is made by the Court. The party asserting the confidentiality of the item shall move the Court to rule on the matter as expeditiously as possible.

d.  The inadvertent production of any document which the producing party contends is subject to the attorney-client privilege, work-product protection, or any other privilege or protection against disclosure shall not be deemed a waiver in whole or in part of the claim of privilege or protection, either as to the specific document or as to any other document relating thereto. As soon as practicable after learning of the inadvertent production, the producing party shall give notice to each receiving party that privileged documents have been inadvertently produced or disclosed and request the return of such documents. Unless the receiving party objects to the claim of privilege, any such documents inadvertently produced, and all copies thereof; shall be returned to the producing party within seven (7) days of such demand. In addition, the receiving party shall certify in writing that he or she has destroyed all summaries, transcriptions, or recordings of the documents inadvertently produced. If the receiving party

objects to the claim of privilege, and the parties are unable to resolve the dispute, the producing party may move the Court for a protective order. From the time a producing party gives notice of inadvertent production, any documents as to which notice has been given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise or until the receiving party and the producing party otherwise agree.

    e. Confidential Matter shall also include any videos, photographs, information or knowledge obtained during the inspection of the Plaintiffs' offices (as ordered by the Court on March 11, 2019, Doc. 119). Although videos and/or photographs taken during the course of this inspection shall be produced to the opposing party, any videos, photographs, information, or knowledge obtained from the inspection shall be treated as Confidential Matter, unless otherwise agreed by the parties.

2. By entry of this Order, the parties do not waive their right to seek to compel discovery or to use at trial any information not disclosed on privilege or any other grounds, or to seek to set aside the producing party's assertion of confidentiality of disclosed information by appropriate Court order.

3. Confidential Matter shall be treated by the parties as confidential and shall be used only in connection with the litigation of this action and not for any

other purpose. Confidential Matters and any information contained therein shall not be shown, disseminated, copied, provided, or in any way communicated to anyone for any purpose whatsoever, except as provided for below. Other than as expressly permitted by this Order, upon the consent of the producing party, or by Order of the Court upon application or motion, no Confidential Matter produced in this action shall be revealed, disclosed, or described, in whole or in part, to any person other than:

    a. The parties to this action;

    b. Counsel of record for the parties to the action;

    c. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and adjudication of the action;

    d. Outside consultants and experts retained by the parties to consult and/or to assist counsel in the preparation and adjudication of the action;

    e. The Court, including the Judge and judicial staff, if any; and

    f. An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer.

4. Prior to the disclosure of Confidential Matter to any persons included within Paragraph 3, counsel shall inform such person that the matter is confidential and may not be disclosed, except as provided in this Order.

5. If any party seeks to file with the Court Confidential Matter in any brief, memorandum, transcript of testimony, discovery material, or other document, prior to filing the Confidential Matter, that party must file a motion in accordance with Middle District of Florida Local Rule 1.09. All such motions shall be accompanied by memoranda which set forth, with specificity, the reasons why these particular documents should be filed under seal. M.D. Fla. R. 1.09 (providing that a party seeking to file any matter under seal must file a motion that: (1) identifies and describes each item proposed for sealing; (2) states the reason that filing each item is necessary; (3) states the reason that sealing each item is necessary; (4) states the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) states the proposed duration of the seal; and (6) provides a memorandum of legal authority supporting the seal). When deciding whether to grant a party's motion to seal, the Court will balance the historical presumption of openness of judicial records against any competing interest. *See Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983).

6. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

7. If a party objects to the designation of documents as Confidential Matter, it shall so advise counsel for the producing party and state the reasons therefore, and a reasonable, good faith effort to resolve the issue shall be made. Absent successful resolution of the issue, the party seeking protection may apply to the Court, upon due notice, for an appropriate order, and the party opposing the

protection shall cooperate in seeking a prompt hearing or resolution. No party shall be obligated to challenge the propriety of a confidential designation, and a failure to do so shall not constitute an admission that any Confidential Matter is, in fact, confidential or preclude a subsequent challenge to the propriety of such designation. Until the issue of confidentiality is resolved by the Court, however, the opposing party shall treat the matter as if confidential under the terms of this Order.

8. Within fifteen (15) days of the conclusion of this action, including without limitation any appeal or retrial, the party to whom Confidential Matter has been disclosed shall return such materials to the producing party, including any copies, extracts, or summaries thereof and shall permanently delete all electronic copies and provide confirmation of the same to the producing party.

9. The provisions of this Order are enforceable by either party.

10. Nothing contained herein shall be construed to limit the party producing Confidential Matter from using its own Confidential Matter in any manner it may choose.

11. In addition, nothing in this Order shall prevent any party from producing any document in its possession to another person in response to a subpoena or other compulsory process. Provided, however, that if such party receives a subpoena or other compulsory process seeking production or other disclosure of Confidential Matter, that party shall give prompt written notice to counsel for the party producing such Confidential Matter, identifying the Confidential Matter and, unless prohibited by applicable law, enclosing a copy of the

subpoena or other compulsory process. In no event shall production or other disclosure be made before reasonable notice is given.

12. This Order may be modified or terminated in writing upon the consent of all parties to the Order or if such modification or termination is ordered by the Court.

13. The party(ies) receiving Confidential Matter shall not, under any circumstances, sell, offer for sale, or advertise Confidential Matter or any information contained therein.

14. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DONE and ORDERED in Tampa, Florida, this 15th day of March 2019.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party