UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2019 MAR 15 AM 8:45

LASSWELL FOUNDATION FOR LEARNING
AND LAUGHTER, INC., FRED LASSWELL,
INC., RED RYDER ENTERPRISES, INC.,
and GOLDBOOK, LTD.,

    Plaintiffs

vs.

Case No: 8:17-cv-00046-JDW-CPT

TIMOTHY SCHWARTZ, DESIGN
TANK, INC., and DOES 1 – 10,

    Defendants
_____/

## DEFENDANT'S OPPOSED MOTION FOR ENTRY OF CONFIDENTIALITY ORDER

This Court held a hearing on March 7, 2019 at which it granted the Defendant's Motion to Compel inspection of Plaintiffs' offices after the parties agreed to enter a confidentiality agreement pertaining to the video, photographs, and other information obtained in connection with the inspection.

At the March 7 hearing, the Magistrate ruled:

"The parties shall
meet and confer with respect to a confidentiality agreement
and submit that agreement to the Court by March 15th. If
the parties do not agree, both parties are to indicate those
provisions on which they agree and those provisions on which
they do not agree and why."
(Dkt. 121, Page 53, Lines 24-35 and Page 54, lines 1-4)

In the Court's written order, it ruled:

1

"In advance of the inspection, the parties are directed to meet and confer on or before March 15, 2019, on the matter of a confidentiality agreement pertaining to the video, photographs, and other information obtained in connection with the inspection. If the parties cannot agree on the terms of such a confidentiality agreement, they shall file an appropriate motion with this Court by March 15, 2019, indicating disputed terms." (Dkt. 119)

The parties have not agreed on a confidentiality agreement pertaining to the video, photographs, and other information obtained in connection with the inspection.

## BACKGROUND

1. On March 13, 2019, at 2:33 pm, Plaintiffs' attorney Andrea Holder sent Defendant Plaintiffs' proposed confidentiality agreement pertaining to the video, photographs, and other information obtained in connection with the inspection (EXHIBIT 1), as well as a separate proposed agreement pertaining to general discovery (EXHIBIT 2).

2. On March 13, 2019, at 11:25 pm, Defendant responded with his objections and a proposed confidentiality agreement that would cover both the inspection and general discovery. The Defendant's proposed agreement is based on Middle District of Florida Judge Gregory Kelly's model confidentiality agreement (available on the Middle District of Florida's website at https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-standing-order-regarding-confidential-information-18-mc-21-GJK.pdf). (EXHIBIT 3, Pages 1, 2)

3. As of the filing of this motion, Plaintiffs have refused to even consider Defendant's proposed confidentiality agreement and have never explained why.

4. On March 14, 2019, at 10 am, Plaintiffs attorney Enrico Schaeffer responded to Defendants objections with disparaging comments and the demand that Defendant

withdraw all objections to Plaintiffs' terms by noon that day or face Court sanctions. (EXHIBIT 3, Page 2)

5. On March 14, 2019, at 12:22 pm, Defendant responded to Mr. Schaeffer, asserting that the parties were obligated to discuss the terms until March 15, 2019, and described the disputed terms, namely what information is confidential. (EXHIBIT 3, Page 5)

6. On March 14, 2019, at 1:22 pm Mr. Schaeffer responded to Defendant, complaining that the Defendant had not "provided page and line designations from the transcript to support your objections to the proposed order, or any case citations" and other matters regarding the Plaintiffs' proposed order, but made no comments or objections to the Defendant's proposed order, simply ignoring it. (EXHIBIT 3, Pages 5-7)

7. On March 14, 2019, at 4:38 pm Defendant responded to Mr. Schaeffer in detail and with references to the March 7 hearing transcript. (EXHIBIT 3, Page 12-14)

8. On March 14, 2019, at 5:02 pm Mr. Schaeffer responded to Defendant, stating, "There is a lot here Tim. Unfortunately, we do not see that we will be able to reach agreement with you." Mr. Schaeffer further objected to including "anything regarding the state court case" and then ended any further discussions abruptly and prematurely. (EXHIBIT 3, Page 4)

9. On March 14, 2019, at 7:14 pm, Plaintiffs filed their Motion for Entry of Confidentiality Orders on an Emergency Basis. (Dkt. 122)

**I. Plaintiffs' proposed confidentiality agreement (EXHIBIT 1)**

    A. Provisions on which the parties agree:

        1. Parties have agreed to enter a confidentiality agreement

3

2. Parties agree that the inspection shall be limited to three (3) hours and may be videotaped by either or both parties. Any videos or photographs taken shall be produced to the opposing party.

3. Parties agree that in the event that any Confidential Matter is used in any court proceeding in this case, including depositions, it shall not lose its confidential status under this Agreement through such use, its use shall continue to be subject to the provisions of this Agreement that are not inconsistent with other orders by the Court regarding their use at trial, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

4. Parties agree that within fifteen days of the conclusion of this action, including without limitation any appeal or retrial, Defendant Schwartz to whom Confidential Matter has been disclosed shall return to Plaintiffs' counsel all materials designated confidential, including any copies, extracts, or summaries thereof and permanently delete all electronic copies and confirm such with Plaintiffs' counsel. The provisions of this Stipulation and Order shall continue to be binding on all parties subsequent to the conclusion of this matter and may be enforced by further order of the Court.

5. Parties agree that violation of this Agreement will subject the person(s) violating its provisions to sanctions.

B. Provisions on which the parties do not agree (disputed terms) and why:

1. Defendant does not agree to Plaintiffs' arbitrary designation of "Any videos, photographs, information or knowledge obtained ... the from the inspection" as "Confidential Matter" because it is overly broad and restrictive and Plaintiffs have not shown good cause as to why "Any videos, photographs, information or

knowledge obtained ... the from the inspection" should be designated as "Confidential." Defendant proposed that for a 30-day period "Any videos, photographs, information or knowledge obtained ... from the inspection shall be treated as Confidential." After 30 days, only items designated in good faith as "Confidential" will be treated as such, and any designated items would be subjected to a challenge in the Court by the Defendant. Plaintiffs ended discussion prematurely and did not respond. (EXHIBIT 3, Page 13)

2. Defendant further disagrees with the Plaintiffs' proposed agreement pertaining to the video, photographs, and other information obtained in connection with the inspection because it is not "standard".

   a. The Middle District of Florida's recognizes a model confidentiality agreement on its website: Judge Gregory Kelly's Standing Order Regarding Confidential Information (available at https://www.flmd.uscourts.gov/sites/flmd/files/documents/mdfl-standing-order-regarding-confidential-information-18-mc-21-GJK.pdf)

   b. Plaintiffs' proposed confidentiality agreement is 5 paragraphs and is not similar to the Middle District of Florida's model confidentiality agreement.

   c. Plaintiffs' proposed confidentiality agreement makes no provisions for Defendant to challenge Plaintiffs' designation as Confidential "Any videos, photographs, information or knowledge obtained ... the from the inspection"

**II. Defendant's proposed confidentiality agreement (EXHIBIT 4)**

   A. Provisions on which the parties agree:

1. Plaintiffs have not disputed Defendant's proposed confidentiality agreement except that which is identified in B. below. Defendant assumes all undisputed terms are agreed to.

B. Provisions on which the parties do not agree (disputed terms) and why:

1. Plaintiffs disputed Defendant's request to allow disclosure to his counsel in the Florida case between the parties. The Defendant only included this provision as a matter of fairness and practicality. As a matter of fairness, Plaintiffs' attorneys Mr. Sbar and Ms. Holder also represent the Plaintiffs in the Florida case and it will be impossible for them exclude from their minds confidential information obtained from the Defendant in this case, so it is only fair that Defendant be allowed to disclose any information obtained with his counsel in the Florida matter. As a matter of practicality, if disclosure with Defendant's attorneys in the Florida matter is prohibited, Plaintiffs will be unnecessarily subjected to another inspection related to their Florida claims. In any case, the Defendant communicated to the Plaintiffs that he is willing to remove that provision and address the issue in the Florida court. (EXHIBIT 3, Page 13)

## CONCLUSION

For these reasons, Defendant respectfully requests that this Court enter his Confidentiality Order (EXHIBIT 4) and for such other or further relief as the Court may deem just and appropriate.

## RULE 3.01(g) CERTIFICATION

Defendant conferred with Plaintiffs' counsel as described above pursuant to Local Rule

3.01(g) in an effort to resolve these issues prior to filing this Motion, but the parties were unable to resolve same.

March 15, 2019

Timothy Schwartz
401 S. Lake Dr.
Clearwater, FL 33755
(213) 948-3599
tsschwartz@gmail.com

*Pro Se Defendant*

## CERTIFICATE OF SERVICE

I, Timothy Schwartz, hereby certify that on March 15, 2019, I served a copy of this document on Plaintiffs' by emailing it to Plaintiffs' counsel.

Timothy Schwartz

7