UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASWELL FOUNDATION FOR
LEARNINGAND LAUGHTER, INC.,
et al.,

    Plaintiffs,

v.                                              Case No. 8:17-cv-46-T-27CPT

TIMOTHY SCHWARTZ, et al.,

    Defendants.
_____/

## **O R D E R**

This cause is before the Court on: (1) *Defendant's Motion to Quash Subpoenas, Motion for Protective Order, Motion to Compel Discovery, and Motion for Sanctions* (Doc. 85) and the Plaintiffs' response in opposition (Doc. 86); and (2) *Plaintiffs' Motion to Compel Defendant's Consent to Third-Party Subpoenas* (Doc. 88) and the Defendant's response in opposition (Doc. 103). The Court conducted hearings on these two interrelated matters on January 18 and March 7, 2019, during the course of which it rendered rulings that narrowed the parties' disputes. *See* (Doc. 119). For the reasons discussed below, the remainder of the Defendant's motion (Doc. 85) is granted in part and denied in part, and the remainder of the Plaintiffs' motion (Doc. 88) is denied in part as moot and deferred in part.

I.

By way of his motion, Defendant Timothy Schwartz seeks sanctions against Patricia Slesinger for failure to appear at her deposition on December 12, 2018; to compel Slesinger to appear for her deposition; and to quash or limit the scope of five subpoenas served upon non-parties. (Doc. 85). Schwartz's requests relating to Slesinger's deposition have been resolved by the Court and are thereby rendered moot. *See* (Docs. 99, 119). Schwartz's objections to the non-party subpoenas directed to GoDaddy, Google, and PayPal, as well as two non-party subpoenas to Blue Host, Inc., remain for resolution, however. In brief, Schwartz argues that these subpoenas were improperly served, are overly broad and intrusive, and seek information that is protected and/or irrelevant to the claims asserted in this action. Primary to this dispute are the Plaintiffs' non-party requests for Schwartz's emails and financial transaction information. Schwartz asserts that these requests are unnecessarily invasive and beyond the scope of permissible discovery.

By way of their motion, the Plaintiffs seek an Order compelling Schwartz to sign consent forms in compliance with the Stored Communications Act (SCA), 18 U.S.C. § 2702, in order to resolve the subpoenaed non-parties' potential objections to providing the contents of their stored communications which pertain to Schwartz. (Doc. 88). At the March 7 hearing, Schwartz indicated that he only objects to consenting to the five subpoenas to which his above motion relates—namely, the subpoenas directed to GoDaddy, Google, PayPal, and Blue Host, Inc.

II.

Federal Rule of Civil Procedure 26(b)(1), as amended in 2015, governs the scope of permissible discovery. That rule provides, in pertinent part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The factors for the court to consider in assessing relevance and concomitant proportionality include "the importance of the issues at stake in the action," "the importance of the proposed discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Accordingly, where, as here, judicial intervention is sought to resolve a disputed discovery matter, the court is tasked with answering the threshold question of whether the requested discovery is relevant and proportional to any party's claim or defense. *See* Fed. R. Civ. P 26 advisory committee's note to the 2015 Amendment. Indeed, the 2015 amendments to Rule 26(b) note the need for judges to take an active role in defining the proper scope of discovery where appropriate. *See id.* (2015 amendment to Rule 26(b) "again reflects the need for continuing and close judicial involvement in the cases that do not yield readily to the ideal of effective party management").

The principles governing the scope of discovery under Rule 26(b) apply equally to Rule 45 subpoenas on non-parties, such as the subpoenas at issue here. *See Am. Gen. Life Ins. Co. v. Schoenthal Family, LLC*, 2007 WL 4139466, at *5 (N.D. Ga. Nov.

14, 2007); 9A Wright & Miller, Federal Practice & Procedure § 2459 (3d ed.) (noting discovery standards outlined in Rule 26 are applicable to Rule 45) (collecting cases).

With the above standards in mind and after a thorough review of the five subpoenas at issue, the Court finds Schwartz's objections well-taken in certain respects. The Plaintiffs' requests for all emails sent to or from the email addresses associated with Schwartz are overly broad and intrusive. The same can be said of the Plaintiffs' request to Google for a broad swath of emails sent to or from Schwartz's Gmail addresses for the eight-year period designated in the subpoena.

The Plaintiffs' efforts to justify their requests by reference to keyword searches are unavailing. As Schwartz correctly notes, the search terms employed by the Plaintiffs include "design tank" and "designtank," and would therefore capture every email sent to or from the designtank.com and designtankgftx.com email addresses as well as Schwartz's designtank@gmail.com address.

With respect to the Plaintiffs' subpoena to Paypal, the Court again concurs with Schwartz that the requests for all payment transaction records and all commercial payments made through Schwartz's PayPal account extend beyond the bounds of relevance and proportionality in this case. Although the Plaintiffs assert that Schwartz used his PayPal account to misappropriate their intellectual property, the subpoena is not tailored to the discovery of this specific information and unnecessarily intrudes upon Schwartz's financial transactions, which may be wholly unrelated to the Plaintiffs' claims in this action.

On the other hand, the Court agrees with the Plaintiffs that certain of the information they seek is appropriate and discoverable. As the Plaintiffs note, at the November 27, 2018, hearing, they sought and obtained the Court's permission to conduct limited discovery in the form of non-party subpoenas to various domain registrars, web-hosting companies, e-commerce providers, and email service providers.[1] The Plaintiffs represented at the time that the purpose of this discovery was to obtain information in support of their cybersquatting and intellectual property infringement claims. The resulting subpoenas the Plaintiffs served include requests for information relating to web-hosting services, user account information, Domain Name System (DNS) records, WHOIS registration, domain name registration, domain name registration transfer, and payment information for those domains. In this regard, the subpoenas are directed to the discovery of information appropriately targeted to addressing the claims and defenses asserted in this action.

Accordingly, after a thorough review of the matter, the Court hereby amends the subpoenas at issue as follows:

---

[1] Over Schwartz's objection, the Court accommodated the Plaintiffs in this regard despite the fact that they had failed to conduct discovery within the Court's prior case management deadlines. While the Court did not delineate the substantive requests that would be permitted to any specific non-parties, it did caution the Plaintiffs at that time that any such discovery would be circumscribed.

*First Subpoena to Blue Host, Inc. (Doc. 85-1 at 45-49)*:

Upon information and belief, Unified Layer, Inc., was or is the host for the following Domain Names: DesignTank.Com and DesignTankGFX.Com.

1. For the above-listed Domain Names, please provide the following information for the period from January 1, 2012, to December 31, 2017:

    a. User account information, as well as all changes to account information over time, including the name, address, phone number, and email(s) associated with the Domain Names;

    b. Identify all email accounts created through the Domain Names;

    c. Payment information related to the Domain Names, including the identity of the payee, payment amounts, billing history, and order history;

    d. Identify all payment processing platforms/providers utilized on and/or associated with the Domain Names, hosting, and/or other services;

    e. All DNS records for the Domain Names and any changes thereto.

*Second Subpoena to Blue Host, Inc. (Doc. 85-1 at 51-57)*:

Upon information and belief, Unified Layer, Inc., was or is the host for the following Domain Names: DesignTank.Com and DesignTankGFX.Com;

1. To the extent you provide(d) webmail services for the above-identified Domain Names, please provide the following information for the period from January 1, 2012, to December 31, 2017: All emails sent or received by email addresses associated with the Domain Names, which include or reference in sender,

recipient, copied to (cc), blind-copied to (bcc), subject, or message thread the Domain Names Cartoonys.Com, DayToLaughAndPlay.Org, and UncleFred.Com.

2. For all emails provided in response to Paragraph 1, please *exclude* all emails to, from, cc'ed to and/or bcc'ed to any email addresses containing the following domain: shariffaust.com.

*Subpoena to GoDaddy (Doc. 85-1 at 69-73)*:

Upon information and belief, GoDaddy.Com, LLC (GoDaddy) was or is the Registrar for the following five (5) Domain Names: (a) Cartoonys.Com; (b) DayToLAughAndPlay.Org; (c) DesignTank.Com; (d) DesignTank.Net; and (e) DesignTankGFX.Com.

1. For the above-listed Domain Names, please provide the following information for the period from January 1, 2012, to the present:

a. All WHOIS information regarding the identity of the Domain Names Registrant;

b. User account information, as well as all changes to account information over time, including the name, address, phone number, email address(es), domain defaults, and delegated access associated with the Domain Names;

c. Identify all email accounts created through the Domain Names;

d. Payment information related to the Domain Names, including the identity of the payor, payment amounts, billing history, and order history;

e. All registration dates, expiration dates, and renewal dates related to the Domain Names, and all changes thereto;

f. All DNS records for the Domain Names and all changes thereto;

g. All transfers and forwarding related to the Domain Names and the location where the Domain Names are transferred and/or forwarded to;

h. All information related to where the Domain Names were and/or are being hosted and all changes thereto;

i. The history of all settings changes and deleted information related to the Domain Names;

*Subpoena to Google (Doc. 85-1 at 93-97)*:

Upon information and belief, Timothy Schwartz maintains Google email accounts at the addresses tsschwartz@gmail.com and designtank@gmail.com;

1. For the above-identified Gmail accounts, please provide the following information for the period from January 1, 2012, to December 31, 2017: All emails sent or received by email addresses associated with the Domain Names, which include or reference in sender, recipient, copied to (cc), blind-copied to (bcc), subject, or message thread the Domain Names Cartoonys.Com, DayToLaughAndPlay.Org, and UncleFred.Com.

2. For the emails provided in response to Paragraph 1, please *exclude* all emails to, from, cc'ed to and/or bcc'ed to any email addresses containing the following domain: shariffaust.com.

*Subpoena to PayPal (Doc. 85-1 at 117-121)*:

Upon information and belief, PayPal, Inc. (PayPal), is or was a payment processing provided for or related to the following individuals and/or Domain Names: (a) Timothy Schwartz[2]; (b) timsschwartz@gmail.com; (c) tim@designtank.net; (d) tschwartz@designtank.net; (e) tim@designtankgfx.com; (f) info@designtank.com; (g) gfx@designtank.com; or (h) designtank@gmail.com (collectively, Schwartz's PayPal account). Schwartz's PayPal account may have been utilized to effectuate commercial transactions on some or all of the Domain Names: (a) Cartoonys.Com, (b) DayToLaughAndPlay.Org, and (c) UncleFred.Com.

1. For Schwartz's PayPal account, please provide the following information for the period from January 1, 2012, to the present:

a. User account information for Schwartz's PayPal account, including the name, address, phone number, and email address address(es) associated with Schwartz's PayPal account;

b. All payment transaction records and or activity on Schwartz's PayPal account made through the Domain Names (a) Cartoonys.Com, (b) DayToLaughAndPlay.Org, and (c) UncleFred.Com.

---

[2] Timothy Schwartz's physical address may be identified as:
610 Bristle Lake Circle, Brownsburg, IN 46112;
503 N. Fair, Olney, IL 62450;
5225 Wilshire Blvd. Ste. 322, Los Angeles, CA 90036; or
PO Box 2146, Blue Jay, CA 92317.

III.

The Court turns next to the Plaintiffs' motion to compel Schwartz to sign consent forms in compliance with SCA. (Doc. 88). The SCA provides, in relevant part, that a provider of an "electronic communication service . . . shall not knowingly divulge . . . the contents of a communication while in electronic storage by that service . . . . [and] shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service." 18 U.S.C. §§ 2702(a)(1), (3). A provider is excused from this prohibition on disclosure, however, when given "lawful consent" by an addressee or intended recipient of such communication or by the subscriber or customer. 18 U.S.C. §§ 2702(b)(3), (c)(2).

Citing *Negro v. Superior Court*, 230 Cal. App. 4th 879, 897 (6th Dist. Cal. 2014), *as modified* (Nov. 18, 2014), the Plaintiffs contend that courts have the authority to compel a defendant to sign a consent for the release of SCA-protected information, such as that requested in the Plaintiffs' third-party subpoenas. (Doc. 88 at 9). In *Negro*, the California appellate court found that court-ordered consent constituted "lawful consent" under the SCA. 230 Cal. App. 4th at 899. Indeed, based on a review of the relevant case law, it appears that the weight of authority supports the Plaintiffs' position that the Court may order Schwartz to facilitate the production of the requested documents and/or order him to sign a valid consent form. *See, e.g., Life Technologies Corp. v. Life Technologies Corp.*, 2014 WL 4219479 (D. Md. Aug. 22, 2014) (recommending that defendant be held in contempt of court for failing to comply with

court order that he sign consent and release forms under the SCA); *Glazer v. Fireman's Fund Ins. Co.*, 114 Fair Empl. Prac. Cas. (BNA) 1508, 2012 WL 1197167, at *3 (S.D.N.Y. Apr. 5, 2012) (finding in dicta that the court "may simply direct that [plaintiff] consent to disclosure if the chats are likely to contain information relevant to this case"); *Al Noaimi v. Zaid*, 2012 WL 4758048, at *3 (D. Kan. Oct. 5, 2012) (ordering plaintiff to execute a consent that satisfies 18 U.S.C. § 2702(b)(3)); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446 (6th Dist. Cal. 2006), *as modified* (June 23, 2006) ("Where a party to the communication is also a party to the litigation, it would seem within the power of a court to require his consent to disclosure on pain of discovery sanctions.").

At the March 7 hearing, with Schwartz's agreement, the Court effectively granted the Plaintiffs' motion in part and directed Schwartz to provide consent forms for those subpoenas to which he did not object. (Doc. 119). Schwartz has since provided those consent forms to the Plaintiffs. *See* (Doc. 123). As a result, that portion of the Plaintiffs' motion is moot.

As noted above, however, the remainder of the motion remains for resolution due to Schwartz's objections to providing consent to the subpoenas directed to GoDaddy, Google, PayPal, and Blue Host, Inc., because of the breadth and scope of those subpoenas. In light of the fact that the Court has now amended and significantly narrowed those subpoenas (as set forth in Section II, *supra*), the Court directs that the Schwartz revisit his position as to whether he will sign the consent

forms.³ Accordingly, the parties are directed to meet and confer in good faith on the matter and to file a joint notice on or before **April 3, 2019**, informing the Court if the parties have come to a resolution.⁴

DONE and ORDERED in Tampa, Florida, this 27th day of March 2019.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party

---

³ The Court cautions Schwartz that it has found the information requested in the subpoenas—as amended by the Court—to be relevant and discoverable. Thus, to the extent that this information is within Schwartz's "possession, custody, or control," the Court may simply place the onus on Schwartz himself to promptly obtain the information directly from GoDaddy, Google, PayPal, and Blue Host, Inc. *See* Fed. R. Civ. P. 34.

⁴ In light of the history of this case, the Court advises the litigants that any party who fails to adequately and fully confer regarding this matter or who takes an unreasonable position may be subject to sanctions, including, but not limited to, the cost-shifting requirements of Federal Rule of Civil Procedure 37.