UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASSWELL FOUNDATION FOR
LEARNING AND LAUGHTER, INC.,
FRED LASSWELL, INC., RED RYDER
ENTERPRISES, INC., and GOLDBOOK,
LTD.,

    Plaintiffs,

vs.

Case No.: 8:17-cv-00046-JDW-TBW

TIMOTHY SCHWARTZ, DESIGN TANK,
INC., and DOES 1-10,

    Defendants.
_____/

# JOINT STATEMENT
# RE: CONSENTS TO THIRD PARTY SUBPOENAS

Plaintiffs, LASSWELL FOUNDATION FOR LEARNING AND LAUGHTER, INC., FRED LASSWELL, INC., RED RYDER ENTERPRISES, INC., and GOLDBOOK, LTD. (Plaintiffs), by and through the undersigned counsel, and Defendant TIMOTHY SCHWARTZ, hereby submit the following Joint Statement pursuant to the Court's Order (Dkt 127) dated March 27, 2019.

    Dkt 127 Docket Text:

    …As noted above, however, the remainder of the motion remains for resolution due to Schwartz's objections to providing consent to the subpoenas directed to GoDaddy, Google, PayPal, and Blue Host, Inc., because of the breadth and scope of those subpoenas. In light of the fact that the Court has now amended and significantly narrowed those subpoenas (as set forth in Section II, *supra*), the Court directs that the Schwartz revisit his position as to whether he will sign the consent forms. Accordingly, the parties are directed to meet and confer in good faith on the matter and to file a joint notice on or before April 3, 2019, informing the Court if the parties have come to a resolution.

## PROCEDURAL HISTORY

Pursuant to the Court's Order (Dkt. 127), the Parties have attempted in good faith to narrow and/or resolve issues related to four outstanding subpoenas subject to Mr. Schwartz's Motion to Quash Subpoenas, Motion for Protective Order, Motion to Compel Discovery and Motion for Sanctions (Dkt. 85). Counsel for Plaintiffs, Enrico Schaefer, provided information to Defendant Timothy Schwartz in order to define and potentially resolve disputes to the subpoena consents. Mr. Schwartz responded to emails and the parties attempted to resolve these issues.

PLEASE TAKE NOTICE that pursuant to this Court's Order (Dkt. 127), Defendant and Plaintiffs' counsel have conferred in a good-faith effort to resolve the dispute with respect to the consents to the subpoenas directed to GoDaddy, Google, PayPal, and Blue Host, Inc. Mr. Schwartz has agreed to execute the Consents to the Court's modified subpoenas for GoDaddy, PayPal, and Blue Host, Inc. As noted at the hearing, and confirmed multiple times with Google, Google is requiring a court order in order to provide responsive information. Google has indicate that a consent will not be adequate. Finally, we will need to ensure that each deponent is willing to provide information under the modified subpoena scope, or if new subpoenas with the more limited production scope need to be issued. We will advise the Court of any responses on these types of technical issues as appropriate.

*Plaintiffs' Position:*

Plaintiffs have been working with Google to understand their verified consent disclosure process, which was referenced in Google's response letter to Plaintiff's subpoena. [*See* Ex. 1, Google Dec. 21, 2018 Letter]. Plaintiffs' correspondences with Google reflect that the verified consent disclosure process "requires a consent to be communicated through the user's email account in question **and a court order (or entered stipulation)**." [*See* Ex. 2, Plaintiffs'

Correspondences with Google] (emphasis added). Google further requested that Plaintiffs "[p]lease provide us with a draft of the proposed order before seeking judicial intervention to ensure that Google could comply with such an order." [*See Id*.]. At the time of filing this Joint Statement, Plaintiffs have provided Google with a draft court order – based upon a sample that Google provided – for review and are awaiting Google's response thereto. [*See* Ex. 3, Draft Google Court Order]. The Draft Google Court Order has been provided to Mr. Schwartz for review with a request to stipulate to the order. Mr. Schwartz has indicated that he is unwilling to stipulate to a proposed order, instead wishing to produce documents directly. It is unclear why Mr. Schwartz is unwilling to stipulate to a court order which will allow Google to respond to the subpoena. Google will have access to information which may not be available to Mr. Schwartz, such as a log of deleted emails, which would have otherwise been responsive. Moreover, Google is a more trustworthy source for production of responsive documents than Mr. Schwartz.

*Defendants Position:*

Defendant has agreed to sign consent forms for the subpoenas directed to Blue Host, Inc., GoDaddy, and PayPal, as modified by the Court.

With regard to the subpoena directed to Google, Google objected for myriad reasons other than consent and outlined the appropriate way to seek such content:

> Instead, the appropriate way to seek such content is to direct your request to the account holder who has custody and control of the data in the account, is not bound by the SCA, and is the party to whom discovery requests should be directed. *Suzlo,* 671 F.3d 726, 730-31: *Mintz*, 885 F. Supp. 2d at 993-94: *O'Grady*. 139 Cal. App. 4th at 1446-47. If the account holder is a party to the underlying litigation, you may serve a document request on the account holder for the content sought. *See Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 13 Cal.App. 4th at 1446-67; *see also Flagg*, 252 F.R.D. at 348, 366-67. Google users can obtain and produce their account content themselves, or by using Google Takeout. available at www.google.com/takeout/.

To the extent you are seeking the production of content based on a signed consent form. Google objects to the request because Google is unable to verify that the person signing the form is the account owner. If you are interested in going through our verified consent disclosure process, please contact me.

[*See* Ex. 1]

Google further objected based the following, some of which have been addressed by the Court's modified subpoenas. It is unclear why Plaintiffs assert that Google requires a Court Order:

> 1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.
> 2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.
> 3. Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.
> 4. Google objects to the Subpoena to the extent that it is vague, ambiguous. unlimited in rime or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.
> 5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond what is permissible under applicable law.
> 6. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. See Fed. R. Civ. P. 45(c)(2)(A).

[*See* Ex. 1].

Based on Google's response, Defendant has agreed to sign the consent form for the subpoena directed to Google if Google is willing and able to filter emails per the Court's order. If

Google is unwilling or unable to filter emails per the Court's order, Defendant agrees to produce the emails directly to Plaintiffs.

*Remaining Issues:*

The Matters that remain for judicial intervention with respect to the Consents for the non-party subpoenas at issue in Defendant's Motion to Quash Subpoenas and for Protective Order are:

1. Whether this Court will enter a Google-approved stipulated court order so that Google can comply with the subpoena request.

2. Whether, after receiving the consents, the subpoenaed parties will require anything further in order to comply with the subpoenas.

Dated: April 3, 2019    Respectfully Submitted,

*/s/ Jonathan B. Sbar*
Jonathan B. Sbar, Esq. (FBN 131016)
Email:  jsbar@rmslegal.com
Andrea K. Holder, Esq. (FBN 104756)
Email:  aholder@rmslegal.com
ROCKE, McLEAN & SBAR, P.A.
2309 S. MacDill Avenue
Tampa, FL  33629
Phone:  813-769-5600
Fax:     813-769-5601

*/s/ Craig Enrico Schaefer*
Craig Enrico Schaefer (Pro Hac Vice)
Traverse Legal, PLC
810 Cottageview Drive G-20
Traverse City, MI  49684
enrico.schaefer@traverselegal.com
Phone:  231-932-0411

*Counsel for Plaintiffs*

Dated:  April 3, 2019            */s/ Timothy Schwartz*_____
                                 Timothy Schwartz, Defendant
                                 In Pro Per

**CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that on April 3, 2019 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

                */s/ Craig Enrico Schaefer*_____
                Craig Enrico Schaefer (Pro Hac Vice)