UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASWELL FOUNDATION FOR
LEARNINGAND LAUGHTER, INC.,
et al.,

    Plaintiffs,

v.                                                     Case No. 8:17-cv-46-T-27CPT

TIMOTHY SCHWARTZ, et al.,

    Defendants.
_____/

**O R D E R**

      This cause is before the Court *sua sponte* following a review of the parties' *Joint Statement re: Consents to Third Party Subpoenas* pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Doc. 128). In their Joint Statement, the parties advise that Defendant Timothy Schwartz has agreed to sign consent forms for the Rule 45 subpoenas, as modified by the Court, directed to GoDaddy, PayPal, and Blue Host, Inc. *Id.* at 2. The parties note, however, that the other third party at issue, Google, has indicated it will deem such a consent form to be insufficient and will instead require a court order before complying with any Rule 45 subpoena. *Id.* at 3-4. The Plaintiffs further submit that, even with consent forms executed by Schwartz, they remain unsure whether GoDaddy, PayPal, and Blue Host, Inc., will abide by the Rule 45 subpoenas issued to them without further judicial order or intervention. *Id.* at 2.

Upon due consideration of the course of proceedings in this case, as well as the parties' Joint Statement, the Court hereby orders as follows. To the extent that the parties seek an additional Court order imposing obligations upon the third-parties Google, GoDaddy, PayPal, and Blue Host, Inc., such a request is denied at this time, as this Court does not appear to be the proper forum for resolution of the third parties' objections (or potential objections). Rule 45 provides that a third-party subpoena must be issued by the court where the underlying action is pending, *see* Fed. R. Civ. P. 45(a)(2), but that challenges to the subpoena are to be heard in the district where compliance with the subpoena is required, *see* Fed. R. Civ. P. 45(d)(3). The Advisory Committee Notes to the 2013 amendment explain in this regard that "the prime concern should be avoiding burdens on local nonparties subject to subpoenas, and [that] it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45, advisory committee's note to 2013 amendment.

The third-party subpoenas at issue here direct compliance in Traverse City, Michigan. *See* (Doc. 85 at 5-129). Assuming, without deciding, that this designation comports with the strictures of Rule 45, the third parties should therefore pursue any objections they may have in the Western District of Michigan.[1] Absent transfer from

---

[1] While the Court makes no finding as to whether Traverse City, Michigan, is the appropriate place for compliance with the Rule 45 subpoenas at issue, it notes that this location appears to be outside the 100-mile geographical limit imposed by the rule at least as to those subpoenas directed to the entities located in Massachusetts and California. *See* Fed. R. Civ. P. 45(c)(2)(A), (d)(3)(A)(ii).

the district where compliance is required to this Court for resolution, the third parties' objections should be adjudicated there.

DONE and ORDERED in Tampa, Florida, this 10th day of April 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Any unrepresented party