**LASSWELL FOUNDATION FOR**
**LEARNING AND LAUGHTER, INC.,**
**FRED LASSWELL, INC., RED RYDER**
**ENTERPRISES, INC., and GOLDBOOK**
**LTD.,**

      **Plaintiffs,**

**v.**                                       **Case No: 8:17-cv-46-T-27CPT**

**TIMOTHY SCHWARTZ, DESIGN**
**TANK, INC., and DOES 1-10,**

      **Defendants.**

_____ /

# <u>ORDER</u>

    **BEFORE THE COURT** is Defendant Schwartz's Motion to Dismiss (Dkt. 140). No response is necessary. Upon consideration, the Motion is **DENIED** as untimely.

    Motions to dismiss are governed by Rule 12 of the Federal Rules of Civil Procedure. Under that Rule, any motion asserting any of the defenses listed in subsections (1)-(7) "must be filed before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendant Schwartz, however, has already filed an answer. *See* (Dkt. 31). And "*pro se* parties are responsible for complying with procedural rules." *In re Mendenhall*, 572 F. App'x 858, 861 (11th Cir. 2014). His motion, therefore, is untimely. *See Skrtich v. Thornton*, 280 F.3d 1295, 1306 (11th Cir. 2002) ("[B]ecause a responsive pleading—an answer—had been filed, under the plain language of Rule 12(b), a motion to dismiss would have been inappropriate.").

Moreover, even if treated as a motion for summary judgment, his motion is untimely.[1] As set by the modified Case Management and Scheduling Order, the dispositive motion deadline was July 6, 2018. (Dkt. 56). No further extensions were sought by either party.

Last, to the extent Schwartz argues excusable neglect for the delay in filing his motion, that contention is without merit. Rule 6(b) of the Federal Rules of Civil Procedure provides that when a motion for extension of time is made after a deadline has expired, the court may grant an extension, "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is determined by assessing factors including: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1993)).

Applying these factors, I find that Schwartz has failed to demonstrate excusable neglect. Since its inception, this matter has been heavily litigated, including the resolution of several motions and various hearings regarding discovery. At no time did Schwartz move for an extension to file a dispositive motion. And the case is currently set for a pretrial conference on December 19, 2019. Schwartz's status as a *pro se* defendant does not excuse his delay. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (explaining that the Court "never [had] suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who

---

[1] Schwartz cites to several exhibits attached to his motion, including deposition testimony, to support his contention that Plaintiffs' amended complaint should be dismissed. In determining whether to grant a motion to dismiss under Rule 12(b)(6), evidence outside the pleadings, however, may not be considered. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). If "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(c).

proceed without counsel," because "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law").

Accordingly, because Schwartz has failed to demonstrate excusable neglect for the delayed filing of a motion to dismiss, his Motion (Dkt. 140) is **DENIED**.

**DONE AND ORDERED** this 26th day of November, 2019.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:        Counsel of Record and Unrepresented Parties