UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASWELL FOUNDATION FOR
LEARNING AND LAUGHTER, INC.,
et al.,

    Plaintiffs,

v.	Case No. 8:17-cv-46-JDW-CPT

TIMOTHY SCHWARTZ, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court are attorney George Conwell, Jr.'s motions to withdraw as counsel of record for the Plaintiffs. (Docs. 200, 203).[1] In support of his withdrawal request, Mr. Conwell states that his continued representation of the Plaintiffs will result in an unreasonable financial burden on him and that he provided notice to the Plaintiffs of his intent to withdraw more than seven weeks ago. (Doc. 200). Mr. Conwell further represents that he attempted to confer on the matter with Defendant

---

[1] Mr. Conwell filed a supplemental motion to withdraw after the Court issued an Order advising him that his original motion failed to comply with Local Rule 2.02(c). *See* (Docs. 200, 202, 203). Local Rule 2.02(c) requires that a lawyer seeking to withdraw provide his clients' mailing address(es), email address(es), and telephone number(s) if the proposed withdrawal will result in the clients proceeding *pro se*, even temporarily. M.D. Fla. R. 2.02(c).

Timothy Schwartz by phone and email on three occasions, but that Mr. Schwartz did not respond to his overtures. *Id.*

In light of the above, Mr. Conwell's motions to withdraw (Docs. 200, 203) are hereby granted as follows:

1. Mr. Conwell is relieved of any further responsibility in this matter, **PROVIDED** that he promptly provides the Plaintiffs with a copy of this Order.

2. The Clerk of Court is directed to terminate Mr. Conwell as the Plaintiffs' counsel of record.

3. No later than September 1, 2021, the Plaintiffs shall advise the Court whether they have retained a new lawyer and, if so, the name, business address, email address, and telephone number of that attorney.

4. The Court further advises the Plaintiffs that corporations and limited liability companies—such as the Plaintiffs—cannot proceed *pro se* in this Court and must instead be represented by counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); *Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005) (citations omitted). The Plaintiffs are cautioned that a failure to obtain successor counsel may result in sanctions, up to and including a dismissal of their case.

5. Until successor counsel files a notice of appearance on the Plaintiffs' behalf, the Clerk of Court and the Defendant(s) shall provide all future filings to the following addresses:

Laswell Foundation for Learning and Laughter, Inc.
Fred Laswell, Inc.
Red Ryder Enterprises, Inc.
Goldbook, LTD
1211 North Westshore Blvd., Suite 700
Tampa, FL 33607
legal@goldbooktrademark.com[2]

and

Laswell Foundation for Learning and Laughter, Inc.
Fred Laswell, Inc.
Red Ryder Enterprises, Inc.
Goldbook, LTD
433 N Camden Drive, Suite 600
Beverly Hills, CA 90210-4416[3]

6. Nothing in this Order shall be construed to relieve the parties of their obligations under any of the Court's prior Orders.

DONE and ORDERED in Tampa, Florida, this 5th day of August 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Laswell Foundation for Learning and Laughter, Inc.
Fred Laswell, Inc.
Red Ryder Enterprises, Inc.
Goldbook, LTD
*Pro se* Defendant

---

[2] Mr. Conwell provided his clients' telephone number to the Court by email, as the number is unlisted.
[3] Mr. Conwell provided the second alternative address to the Court by email as well.